FREDERICK M. CABOT, plaintiff in error vs. NATHAN YARBO-
ROUGH, et. al., defendants in error.

*Questions of contempt are for the Court treated with the contempt; and its decis-
ion ought to be final, except, perhaps, in the case in which, the decision
shows an enormous abuse of the discretion.*

Attachment for contempt, from Floyd county. Decision
by Judge HAMMOND, at February Term, 1858.

Frederick M. Cabot, filed his bill in equity, against, Atkin-
son J. Hardin, Daniel F. Suryer, James M. Spullock, Nathan
Yarborough, Dennis Hills, and William Johnson, praying,
amongst other things, for an " injunction to be directed to
the said defendants, their agent and attorneys, commanding
and enjoining them, and each of them, to cease all further
prosecution of a certain claim case in said Superior Court,
and also, from selling, or otherwise disposing of " the claim-
ed " property, and to cease from the further appropriation of
your orator's one-third of the rents of said property to their
own use, until the other and further order of this Honorable
Court in this behalf."

The bill was filed the 5th August, 1858, and on the same
day sanctioned by the Chancellor, and an injunction ordered
to issue in the sum of one thousand dollars, " pursuant to the
prayer in complainant's bill."

The injunction issued, directed to defendants command-
ing them, " that they, and each of them, their agents and em-
ployees, forthwith do desist their action of claim," &c., as
mentioned in said bill of complaint, until the further decree
of this Court."

Served on Yarborough, Hills, Johnson, Spulock, and
Hardin, 15th October, 1858, and on Suryer, 15th March,
1859.

At the February Term, 1859, of Floyd Superior Court,
complainant, Cabot, moved for a *rule nisi*, against Spullock,

Yarborough, Johnson and Hills, to show cause why they should not be attached for a contempt of the Court, for violating said injunction. This motion was supported by the following affidavit of complainant:

GEORGIA, FLOYD COUNTY.

Personally appeared F. M. Cabot, complainant, who being duly sworn, deposeth and saith, that the bill filed by him was for the purpose, amongst other things, of restraining the defendants from " *selling or otherwise disposing* of" certain city or town property in the city of Rome, which property is described in said bill, and in a copy attached to said bill, as an exhibit, and to restrain said defendants from " *the appropriation of one-third of the rents of said property to their own use.*" " That the said James M. Spullock has sold two-fifths of said property to Jones & Scott, for one thousand dollars, and on the 12th January, 1859, executed a deed of conveyance therefor, and that he, deponent, is informed and believes that the said Johnson has sold one-fifth of said property for five hundred dollars, and that the said Yarborough and Hills have respectively rented the other two-fifths of said property, or the lower room for $70 00, for each one fifth part thereof per annum, and that defendants have by said sales and rentings placed it out of deponent's power to get his third part of the rents of said property, to which he is entitled ; placing the property out of the reach of deponent, so as to prevent him from enforcing his vendor's lien," &c.

Spullock answered that he had no notice of any injunction, prior to its service, as stated in the *rule nisi,* nor for some time thereafter, as the same, he thought, was served by leaving a copy at his residence. That he never intended to violate said injunction, but he acted under the impression that he was not enjoined from any thing more than prosecuting said claim case, and that he is advised, that such is the purport of said injunction. That he agreed to sell his inter-

est, on the 2d September, 1858, and in pursuance of said agreement, he had conveyed the same by deed, not supposing that he was in any way thereby violating said injunction.

Yarborough answered, that he had rented his undivided fifth interest in said property prior to 1st September, 1858, which was before he was served with the injunction.

Wm. Johnson answered, that he did not understand that he was restrained by said injunction, from any thing more than proceeding in the claim case, pending in Court; that he sold his undivided fifth interest in said property on the 6th September, 1858, which was before he was served or had any notice of said injunction, and that it was not his intention to violate the injunction, either in its spirit or letter.

Upon the foregoing answers, the Court discharged the *rule nisi*, and ordered complainant to pay the cost of the proceeding. To which decision, complainant excepted.

MITCHELL, for plaintiff in error.

UNDERWOOD & SMITH, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in discharging the *rule nisi*, on the cause shown by the defendants?

The question, whether there is a contempt of a Court; and the question whether, if there is one, it ought to be punished or ought to be excused, and other questions, as to contempt, are questions for the discretion and judgment of *that* Court. And there can be little danger, that a Court will fail in the duty of having itself sufficiently respected. Whatever decision then, it comes to, on such questions, ought to be final, at least, unless there is something in the decision to show a most flagrant abuse of the discretion. We do not see any thing of that kind, in the order discharging the rule in the

present case.   The showing as we think was quite suffi-
cient.

Hence the judgment is affirmed.

Judgment affirmed.