James T. Thweatt *et al.*, plaintiffs in error, *vs.* Abram
Gammell *et al.*, defendants in error.

Where an injunction restraining the sale of certain mules was violated, and
the answer to the rule was that they were exempted as the property of one
of the defendants by the ordinary and sold by his leave, and where both
defendants had mortgaged the mules in the same deed to complainants to
secure them as the sureties of one of them on an administrator's bond, and
the evidence before the chancellor on the question whether one or both
defendants owned the mules, was conflicting, and where one of the defend-
ants sold the mules in violation of the injunction, and the evidence shows
the complicity of the other therein:

*Held,* that this court will not control the discretion of the circuit judge in
punishing both defendants by commanding them to return the mules or
pay into court the purchase money therefor, or be committed for contempt
in default thereof.

Injunction.   Contempt.   Before Judge James Johnson.
Muscogee Superior Court.   November Term, 1874.

Reported in the opinion.

H. L. Benning; R. J. Moses, for plaintiffs in error.

Peabody & Brannon; L. F. Garrard, for defendants.

Jackson, Judge.

Gammell and Stapler brought a bill in equity against the
Thweatts, alleging that the said Thweatts had jointly mort-
gaged to them eighteen mules and two horses, to save them

Thweatt *et al. vs.* Gammell *et al.*

harmless as sureties on a temporary bond given by James T. Thweatt as administrator of Owen Thomas; that suit had been brought on that bond by the executors of Thomas, and that they, the sureties, were liable for at least $2,000 00; that the Thweatts were insolvent, were unable to maintain the mortgaged property and were trying to sell it, and prayed for an injunction and receiver. The injunction was granted, prohibiting the Thweatts from removing the mules and horses beyond the limits of the state, and from selling the same. This injunction was afterwards made perpetual. At a subsequent term of the court Gammell and Stapler filed a petition alleging that the Thweatts had disobeyed the injunction and sold the mules, and praying that they be punished for contempt, and ordered to bring back the mules or pay the purchase money into court. The defendants admitted that they had disposed of several of the mules, but by consent of the other side, and that Robert Thweatt had sold seven that had been exempted to him under the constitution and act of 1868, but it does not appear that he was the head of a family. James T. Thweatt was proved to have said that he would get the mules released the next day, and pocket the money and spend it, and he himself swore that he did not remember saying that he would pocket the money and spend it, but admitted "that he intended to convey the idea that he would sell the mules for the use of himself and the said Robert R., they both thinking that they would have the right to do this under the homestead law, and being goaded on by the conduct of said Gammell and Stapler to insist on all of their legal rights." It was shown that Gammell and Stapler had been forced to pay the judgment against them as sureties of James T. Thweatt, between $700 and $800 00 each, and that the seven mules brought $965 00. Affidavits that the seven mules belonged to Robert, and that they were the joint property of both of the Thweatts, were read *pro* and *con.*

The chancellor directed that the Thweatts pay into court the sum of $965 00, or bring back the mules, or be commit-

ted to jail for contempt in case they did not.    This action of the chancellor is the error assigned.

This court has repeatedly decided not to interfere with the discretion of the court below in matters pertaining to injunctions except in cases where that discretion was grossly abused. In cases where the chancellor punished for disobedience to his restraining order—indeed to the final injunction he grants— we should be still more reluctant to interfere.    It can be no excuse that the chancellor casually remarked in the hearing of defendant that the injunction would not interfere with an application for homestead.    The injunction was violated, not by *applying for a homestead* but by *selling the mules.*    The case at bar is one that can make no appeal whatever to the judgment of a good man for interference with the rulings of the court.    Gammell and Stapler were securities for one of the Thweatts.    The other united with his brother in mortgaging to them this property to save them harmless.    In a short time they set to work to dispose of the property.    James T. says they will do so by exempting it.    Robert actually does exempt seven mules and sells them.    The injunction is that they shall not be sold.    Those exempted may or may not have belonged to Robert.    The affidavits were conflicting.    The mortgage was joint.    James swore that by the exemption they would sell and assert all their legal rights.    Robert actually sold The sale itself was, probably, to say the least, illegal; at all events, it was in the teeth of the injunction.    The equity is all with their sureties, the punishment mild, the indemnity pledged to the sureties all gone in one way and another, and the refunding this ill-gotten money inadequate to indemnify them.    As far as it goes it should be applied, and if the balance of the money which these sureties have been constrained to pay were within its grasp, equity would rejoice to constrain these defendants to pay to complainants the last cent of their just demands.

Let the judgment be affirmed.