GAMMON *et al. v.* BERRYTON MILLS.

WYATT, Justice. The defendants in error brought suit against Hugh Gammon and others in the Superior Court of Chattooga County, alleging in substance that the named defendants had violated a temporary restraining order previously granted in connection with a strike then in progress at Berryton Mills, and that they should be held in contempt of court. The plaintiffs in error demurred to the petition and the demurrer was overruled. The case came on for a hearing, and all the defendants were tried together. After the hearing, certain defendants were dismissed. All others were held to be in contempt of court and were sentenced accordingly. The plaintiffs in error filed their bill of exceptions to this court and assign as error the judgment holding the named defendants in contempt of court. *Held*:

The plaintiffs in error admit, and so state in their brief, that the only question for decision by this court is whether or not the evidence was sufficient to sustain the finding of the court below that they were in contempt of 'court. They also admit that the evidence was sufficient as to Bessie Wooten and Guy Robinson; but insist, however, that the evidence is not sufficient as to Hugh Gammon, Mary Garrett, Gordon Kinsey, Carlton Berry, Carl Vernon, Paul Bishop, Mattie Lou Purser, Lewis McGraw, Beatrice Seymour, Lorena Bishop, Gurney Wells, and Earl Garrett. The evidence concerning these defendants ·was similar. Several witnesses testified that they saw a large number of persons, estimated at from forty to eighty and more, congregated in the only street leading by .the plant of the defendant in error; that they were near the entrances to the plant; that they sang and shouted to the persons entering to and leaving from the plant of the defendant in error; that these plaintiffs in error were among those in the crowd, and that their names were taken down while they were there. None of these plaintiffs in error denies that he was there. The order which the plaintiffs in error are charged with violating prohibited mass picketing and violence, intimidation of workers entering to and leaving from the

plant, loitering or being unnecessarily in the vicinity of the points .of ingress and egress to and from the plant, from maintaining more than two pickets not less than fifty feet apart in a single line, etc. It is clear, therefore, that the judge of the court below did not abuse his discretion in finding the plaintiffs in error guilty as charged. Since, in cases such as this, the judgment of the trial court will not be disturbed unless it is shown that there was an abuse of discretion, the judgment of the court below must be affirmed. See *Cabot* v. *Yarborough*, 27 *Ga.* 476; *Pedigo* v. *Celanese Corporation of America*, 205 *Ga.* 392 (54 S. E. 2d, 252); *Patten* v. *Miller*, 190 *Ga.* 152 (8 S. E. 2d, 786).

*Judgment affirmed. All the Justices concur.*

· No. 17789. SUBMITTED MARCH 10, 1952—DECIDED APRIL 14, 1952.

*Bobby Lee Cook* and *Robert Cahoon*, for plaintiffs in error.
*Jack Rogers* and *Wright, Rogers, Magruder & Hoyt*, contra.