### 38332. SALEM v. STATE OF GEORGIA.

NICHOLS, Judge. 1. "The discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused." *Hayden v. Phinizy,* 67 Ga. 758, 760, citing *Howard v. Durand,* 36 Ga. 346 (91 Am. Dec. 767); *Smith v. Cook,* 39 Ga. 191; and *Thweatt v. Gammell,* 56 Ga. 98.

2. "The purpose in punishment for criminal contempt is to preserve the power and vindicate the dignity of the court and to punish for disobedience of the court's orders. *Davis v. Davis,* 138 Ga. 8 (1b) (74 S. E. 830); *Carson v. Ennis,* 146 Ga. 726, 728 (1) (92 S. E. 221, L. R. A. 1917E 650)." *Garland v. State of Georgia,* 101 Ga. App. 395, 402 (114 S. E. 2d 176).

3. In a direct summary criminal contempt proceeding there is no petition, rule nisi, or evidence, and the order holding the defendant in contempt of court, to be valid, must contain the facts specifying the misconduct of the defendant. *Garland v. State of Georgia,* 99 Ga. App. 826 (110 S. E. 2d 143).

4. If either of the questions shown by the judgment to have been asked prospective jurors by the defendant authorized the

conclusion that the attorney was in contempt of court then the judgment of the trial court must be affirmed. *Garland v. State of Georgia,* 101 Ga. App. 395, 402, supra.

5. Applying the foregoing law to the facts in the present case a judgment affirming the trial court is demanded for it cannot be said, as a matter of law, that the trial court was unauthorized to find that at least one of the two questions asked by the attorney was contemptuous.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

DECIDED JUNE 9, 1960—REHEARING DENIED JUNE 27, 1960.

*Walter B. Fincher,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller,* contra.