20984. ATLANTA NEWSPAPERS, INC. v. STATE OF GEORGIA, by WEBB, Solicitor-General.

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 6, 1960—
REHEARING DENIED OCTOBER 18, 1960.

401

*B. P. Gambrell, John E. Dougherty, W. Glen Harlan, Edward W. Killorin,* for plaintiff in error.

*Paul Webb, Solicitor-General, J. Walter LeCraw,* contra.

MOBLEY, Justice. ■ This court denied certiorari in the original case (*Atlanta Newspapers, Inc. v. State of Ga.,* 101 Ga. App. 105, 113 S. E. 2d 148) because we were of the opinion that the judgment of the Court of Appeals was correct. However, we did not agree with the reason upon which the decision was based. The Court of Appeals held that the respondent's demurrer to the citation should have been sustained because the citation did not allege misbehavior of the respondent in the presence of the court or so near thereto as to obstruct the administration of justice, as required by *Code* § 24-105. The Court of Appeals stated "that a publication made in a newspaper about a pending case cannot be contempt of court, so as to be summarily punishable, so long as *Code* § 24-105 . . . remains unamended by the General Assembly." The ruling of the Court of Appeals is in conflict with the ruling of this court in the unanimous opinion of *Bradley v. State,* 111 Ga. 168 (1, 2) (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. Rep. 157), which held: "1. The power to punish contempts is inherent in every court of record. If the court is created by the Constitution, the legislature cannot, without express constitutional authority, define what are contempts and declare that the court shall have jurisdiction over no acts except those specified.

"2. The provision of the Constitution which declares that 'The power of the courts to punish for contempts shall be limited by legislative acts' does not confer such authority, but only the power to prescribe the punishment, after conviction. Consequently section 4046 of the Civil Code [*Code* § 24-105], in so far as it seeks to limit the jurisdiction of a constitutional court to punish contempts to certain specified acts, is not binding upon

such courts. They may go beyond the provisions of the statute, in order to preserve and enforce their constitutional powers by treating as contempts acts which clearly invade them."

This court in *Cobb v. State,* 187 Ga. 448 (200 S. E. 796), followed the ruling in the *Bradley* case, expressly refused to overrule it, and stated that it considered that opinion correct. See also *In re Fite,* 11 Ga. App. 665 (2) (76 S. E. 397). This court in *McGill v. State of Ga.,* 209 Ga. 500 (2) (74 S. E. 2d 78) recognized the inherent power of constitutional courts of this State to define and punish for contempt of court. The legislature cannot abridge or destroy the power of a constitutional court to punish for contempt. See 121 A. L. R. 210 and decisions cited.

■ The Constitution of Georgia in art. 1, sec. 1, par. 15 (*Code* § 2-115) provides: "No law shall ever be passed to curtail, or restrain the liberty of speech, or of the press; any person may speak, write, and publish his sentiments, on all subjects, being responsible for the abuse of that liberty."

Freedom of speech and of the press, as guaranteed by the Constitution, is essential to the preservation of a free society; but its exercise must be compatible with the preservation of other freedoms essential to a democracy and guaranteed by our Constitution. The independence of the judiciary and the fair and impartial administration of justice are also necessary to a free society. In the words of John Adams in the first Constitution of Massachusetts, "It is essential to the preservation of the rights of every individual, his life, liberty, property and character, that there be an impartial interpretation of the laws, and the administration of justice."

The Constitution of Georgia in art. 1, sec. 1, par. 5 (*Code* § 2-105) provides that every person charged with a criminal offense "shall have a public and speedy trial by an impartial jury," and the United States Constitution in art. 3, sec. 2 (*Code* § 1-304), provides for trial by jury.

The determination of the proper balance between two basic constitutional rights—freedom of the press and fair and impartial administration of justice—as applied to the facts in this case, is our problem.

"The Constitution of Georgia guarantees the liberty of speech

and of the press, but does not protect an abuse of that liberty," and, "Obstructing the administration of justice by the courts of this State is an abuse of that liberty and will subject the abuser to punishment for contempt of court." *McGill v. State of Ga.,* 209 Ga. 500 (1), 503, supra. "No freedoms, including the freedoms of speech and press, are absolute," and, "Liberty of the press is subordinate to the independence of the judiciary and the proper administration of justice." *Atlanta Newspapers, Inc. v. Grimes,* 216 Ga. 74 (1, 3) (114 S. E. 2d 421). The latter is necessarily true, for only in the courts can freedom of the press and other constitutional rights be preserved. "The freedom of the press in itself presupposes an independent judiciary through which that freedom may, if necessary, be vindicated." Pennekamp v. Florida, 328 U. S. 331, 355 (66 S. Ct. 1029, 90 L. Ed. 1295).

Unquestionably, the framers of both our State and Federal Constitutions intended to give to liberty of the press, freedom of speech, as well as to all other liberties, the broadest scope that could be countenanced in an orderly society.

The press should be given the widest latitude possible in the exercise of its freedom that is consonant with the orderly administration of justice, trial by a fair and impartial jury, and the freedom and independence of the courts in the exercise of their constitutional rights and duties.

A responsible press, appreciating as it must the great power of the press in a democratic society, should refrain from publishing and distributing news articles which, in the normal course of events would, or which it could reasonably anticipate would, interfere with the trial of a criminal case by an impartial jury; and to do so may subject it to punishment for contempt of court. In this instance, the article did not appear until after the jury had been impaneled and the trial had proceeded for the greater part of a day. The law requires that a jury in a criminal case be kept together until the conclusion of the trial (*Berry v. State,* 10 Ga. 511, 512 (9)), unless counsel for both the State and the accused agree otherwise (*Buttersworth v. State,* 200 Ga. 13 (1), 36 S. E. 2d 301; *Hannah v. State,* 212 Ga. 313, 319, 92 S. E. 2d 89), and then only after the court's admonishing the jurors that, not only should they not communicate with anyone

about the case or permit anyone to communicate with them about it, but that they should not read newspaper articles or listen to radio or television broadcasts about the case, or, if necessary, not to read newspapers or listen to radio and television at all during recess. It is common knowledge that this is the usual practice in this State. In our opinion, the defendant newspaper corporation would not be required to have reasonably anticipated that the publication and distribution of the articles in question would have come to the attention of the jurors or have interfered with the trial of the Meriwether case by an impartial jury; for they had a right to expect that the jury would have been kept together until the conclusion of the trial or otherwise properly instructed upon being permitted to disperse. It was not necessary in the trial of this case to subordinate the freedom of the press in order to secure a trial by an impartial jury.

Accordingly, the citation as amended did not state facts sufficient to establish that the respondent was in contempt of court, and the trial court erred in overruling the general demurrer to the citation and in entering judgment finding the defendant in contempt of court and imposing a fine.

In view of the ruling here made, it is not necessary to pass upon numerous other questions raised.

*Judgment reversed. All the Justices concur.*