## 38935. RENFROE v. STATE OF GEORGIA.

Decided September 8, 1961.

*Stevens & Stevens, B. J. Stevens*, for plaintiff in error.
*Kenneth E. Goolsby, Solicitor-General*, contra.

HALL, Judge. "The powers of the several courts to issue attachments and inflict summary punishment for contempt of court shall extend only to cases of misbehavior of any person or persons in the presence of said courts or so near thereto as to obstruct the administration of justice." *Code* § 24-105. However, this statute, "in so far as it seeks to limit the jurisdiction of a constitutional court to punish contempts to certain specified acts, is not binding upon such courts. They may go beyond the provisions of the statute in order to preserve and enforce their constitutional powers by treating as contempts acts which clearly invade them." *Atlanta Newspapers v. State of Ga.*, 216 Ga. 399, 402-403 (116 SE2d 580); *Bradley v. State*, 111 Ga. 168 (36 SE 630, 50 LRA 691, 78 ASR 157); *Cobb v. State*, 187 Ga. 448 (200 SE 796); *In re Fite*, 11 Ga. App. 665 (2) (76 SE 397). But even constitutional courts are limited to the extent that there must be a "clear and present danger to the administration of justice." *McGill v. State of Ga.*, 209 Ga. 500, 504 (74 SE2d 78); *Wood v. State of Ga.*, 103 Ga. App. 305, 320 (119 SE2d 261).

It is generally held that it is contempt of court to threaten or to endeavor to intimidate a witness in a pending action. *Herring v. State*, 165 Ga. 254 (140 SE 491); *Powell v. State of Ga.*, 152 Ga. 81 (108 SE 464); *Burge v. State*, 38 Ga. App. 690 (145 SE 463); *Morgan v. State*, 26 Ga. App. 83 (105 SE 449); *Herring v. State of Ga.*, 37 Ga. App. 594 (141 SE 89). "Any in-

terference or attempt to interfere with witnesses by means of bribery, intimidation, inducements, or other unlawful means, in order to induce them to testify falsely, or to change or modify their testimony, or to suppress facts, constitutes contempt, which it is the duty of the courts to guard against zealously and to punish. Thus it is contempt to attempt to bribe a witness, or to use either persuasive or threatening language to a witness for the purpose of inducing him to testify falsely or not to testify, or to attempt by unlawful means to procure a witness to testify in a case contrary to his previous testimony, even though the testimony so sought is the truth . . ." 17 C.J.S. 46, § 31. See also 12 Am. Jur. 402, § 19; 52 A.L.R. 2d 1297. It is also true that while the prevailing rule in the United States is that the rule of reasonable doubt should be applied in criminal contempt cases, the rule in Georgia is contra and requires only a preponderance of evidence to find a respondent guilty of criminal contempt under *Code* §§ 24-105 and 24-2615. *Pedigo v. Celanese Corp. of America,* 205 Ga. 392 (54 SE2d 252), cert. denied, 338 U. S. 937 (70 SC 346, 94 LE 578). As to the function of a reviewing court, it has no discretion in the matter, and the trial court's adjudication of contempt will not be interfered with unless there is a gross, enormous, or flagrant abuse of discretion. *Cabot v. Yarborough,* 27 Ga. 476; *Remley v. DeWall,* 41 Ga. 466; *Hayden v. Phinizy,* 67 Ga. 758; *Warner v. Martin,* 124 Ga. 387 (52 SE 446, 4 AC 180); *Beebe v. Smith,* 76 Ga. App. 391 (46 SE2d 212); *Burge v. State,* supra; *Mays v. Willingham,* 37 Ga. App. 478 (140 SE 789). It has been said that the judgment of the trial court will not be disturbed "unless it appears that there is *no evidence* to support the finding." (Emphasis supplied). *Greenway v. Greenway,* 147 Ga. 503 (94 SE 885). In 1949, the Supreme Court of Georgia held that if there is any *substantial evidence* authorizing a finding that the party charged was guilty of contempt, and the trial judge so finds, his judgment must be affirmed insofar as the sufficiency of the evidence is concerned. *Pedigo v. Celanese Corp. of America,* supra.

Here the gist of the allegation against the plaintiff in error is that while a case was in progress, she "excoriated and criticized" a witness "for giving testimony against her brother . . .

*having for her purpose the intimidation of said witness and to prevent his giving truthful testimony in the event he should be recalled to the witness stand during said trial. . ."* (Emphasis supplied). The only witness for the State was the person the defendant allegedly attempted to intimidate. His testimony formed the basis of this case. The substance of this testimony was that there was "no animosity involved'" in defendant's conduct and that the "worst thing which she said" was "that I was prejudiced against him." We are of the opinion that the evidence in this case is insufficient under the above authorities to prove the allegations as set out in the petition in this case.

Defendant in error cites as authority for his position the case of *Morgan v. State,* 26 Ga. App. 83, 85 (105 SE 449), which held: ". . . Where a court is in session, and a witness has been sworn and is leaving the court-house, he is entitled to the same protection as if he were going into the court-house to be sworn, and should not be abused, harassed, browbeaten, or insulted because of his testimony. When a witness is thus approached by a person who says to him, 'Old boy, you were God damned crooked to-day,' 'If a damned son of a bitch was to swear a lie against me, I would kill him,' thus referring to the evidence of the witness, whether this occurred on the first floor of the court-house or in the yard as the witness was leaving, this misbehavior was in the presence of the court or so near thereto as to obstruct the administration of justice."

The gist of the citation in the *Morgan* case, supra, was the abusing, harassing, browbeating or insulting a witness while a court was in session and the witness was leaving the courthouse. As stated above, this is not the gist of the present citation. In addition, in the present case the court was not in session and the witness had left the courtroom and returned to his office.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*