### 39761.   BOATRIGHT v. STATE OF GEORGIA.

Bell, Judge.   The defendant's general assignment of error on the judgment adjudging him to be in contempt of court raises only the question whether the facts specified in the order are sufficient to constitute contempt of court. *Garland v. State of Georgia*, 101 Ga. App. 395 (1) (114 SE2d 176).

The order holding the defendant in contempt recited that the conduct found to be contumacious occurred in open court and in the presence of the court and that contemnee ". . . (a) wilfully refused to obey the court's orders; and (b) repeatedly attempted to argue after having been fully heard, and after the opinion of the court had been pronounced, all as appears

in the record in the case; and, it further appearing that said conduct of J. Laddie Boatright was intended by the said J. Laddie Boatright to be contemptuous of the court"; and that the conduct did interfere with the lawful administration of justice.

The order recited facts which warranted the trial judge in holding the counsel in contempt of court. *Code* § 24-105.

Where the order specifies sufficient facts from which it appears the judge was authorized to find the defendant in contempt, the judgment is correct. A judgment affirming an order of the trial court is demanded where this court cannot hold, as a matter of law, that the trial court was unauthorized to find the defendant in contempt. *Salem v. State of Georgia*, 101 Ga. App. 905, 906 (5) (115 SE2d 447).

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

DECIDED OCTOBER 26, 1962.

*Sumner & Boatright, Robert B. Sumner, George R. Jordan*, for plaintiff in error.

*Dewey Hayes, Solicitor General*, contra.