21923. CRUDUP v. THE STATE.

QUILLIAN, Justice. This case arose out of the citation for contempt of an attorney, John N. Crudup, by the Judge of the City Court of Hall County. On grant of certiorari, we review the judgment of the Court of Appeals affirming the trial judge, *Crudup v. State,* 106 Ga. App. 833 (129 SE2d 183).

The relevant facts as set out in the citation for contempt as stated by the trial judge are as follows: After counsel had, on numerous occasions, asked repetitious questions on cross-examination of the State's witnesses despite the admonition of the trial judge, the State rested. Whereupon counsel requested that a witness be recalled for the purpose of cross-examination as to a particular point. The judge ruled that the witness could not be recalled for cross-examination, but that he could

be called as a witness for the defendant. Counsel stated he did not wish to call the witness for the defendant, "but wanted to recall him about his testimony while on the stand." The judge again ruled that the witness could not be recalled for the purpose stated and "directed Attorney Crudup to proceed with his defense and call some other witness." Counsel stated he had no other witness "except the defendant would make a statement," but that he wanted to put the witness in question back on the stand. The judge again stated to counsel that he could call the witness for the defendant, but could not recall him for further cross-examination to ask him what he testified to earlier in the trial. Counsel then again stated he did not want to call the witness as a witness for the defendant but persisted in his request to recall him for cross-examination as to his testimony given earlier in the trial. At this point, the judge asked counsel if he had any reason to give why he should not be punished for contempt of the court in failing and refusing to abide by the rulings of the court that the witness could not be recalled for the purposes he was insisting on. Counsel replied that "he was not in contempt of court."
*Held:*

"The power to punish contempts is inherent in every court of record." *Bradley v. State,* 111 Ga. 168 (36 SE 630). See also *Plunkett v. Hamilton,* 136 Ga. 72 (70 SE 781); *Atlanta Newspapers v. State,* 216 Ga. 399, 402 (116 SE2d 580). There is no question that every court has the power to preserve and enforce order in its immediate presence, and as near thereto as is necessary to prevent interruption, disturbance, or hindrance to its proceedings; that this includes the power to compel obedience to its judgments, orders and processes, and to control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto. *Code* § 24-104. See also *Code* § 24-105. Further, no attorney shall ever attempt to argue or explain a case, after having been fully heard, and the opinion of the court has been pronounced, on pain of being considered in contempt. *Code Ann.* § 24-3323 (formerly *Code* § 24-3306).

Upon a careful perusal of the record it is clearly shown that, after being directed by the trial judge to proceed with his defense and call some other witness, counsel instead continued to insist upon his request contrary to repeated adverse rulings

by the court. Under such circumstances and mindful of the discretion granted to a trial judge in matters of contempt, we are constrained to the view that the trial judge's adjudication of contempt was not an enormous, flagrant or gross abuse of his discretion. *Cabot v. Yarborough,* 27 Ga. 476; *Remley v. DeWall,* 41 Ga. 466 (5); *Hayden v. Phinizy,* 67 Ga. 758 (2); *Salem v. State,* 101 Ga. App. 905 (1) (115 SE2d 447). See also *Carson v. Ennis,* 146 Ga. 726, 728 (1) (92 SE 221, LRA 1917E 650); *Garland v. State,* 101 Ga. App. 395, 401 (6), and the dissent at page 427 (114 SE2d 176).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Head, P. J., and Candler, J., who dissent.*

ARGUED FEBRUARY 11, 1963—DECIDED APRIL 4, 1963—
REHEARING DENIED APRIL 16, 1963.

*John Crudup, Robert E. Andrews,* for plaintiff in error.
*C. E. Smith, Jr., Solicitor,* contra.

DUCKWORTH, Chief Justice, dissenting. While the purported amendment of the contempt judgment contains extensive recitals of the conduct of the contemnor in repetitious cross-examination of the State's witnesses, and arguments of the judge that such conduct was very obnoxious to him, yet the specific matter upon which the contempt judgment is based is a request, repeated four times, couched in perfectly respectful and proper language, to be allowed to recall a State's witness and have him say whether or not he had testified that there was a woman in the car, and to each of such requests the judge said he could recall the witness but he would have to adopt him as a defense witness. I wonder, with all other matters recounted by the judge, just what he asked the attorney to speak about when he asked if he wished to show why he should not be punished for contempt? Was he intending that the attorney account for his conduct throughout the trial? While summary punishment for contempt in the presence of the court is permissible, this does not authorize a judgment for contempt without specifying the grounds thereof. The judge's order recites that the matter sought to be asked the witness was irrelevant, yet his same order recites that he authorized counsel to recall the witness for the sole purpose of

asking him about it, provided only he pay the stated price thereof of adopting a deputy sheriff, a State's witness, as the witness of the accused. These recitals preclude any claims that the reason for denying the request was that the testimony would have been irrelevant. Then in the face of the indisputable fact that this was a criminal case where the defendant pleads nothing but "not guilty," and the recited fact that the defendant had offered no evidence, the judge asserts that neither the State nor the accused contended that there was a woman in the car. Where did the judge discover the contentions of the accused when to this point he had made none except "not guilty"? These recitals of the judge show unmistakably his unfairness to the attorney. The admitted fact that the solicitor stated in the hearing of the judge and jury that the witness had not so testified, and counsel for the accused replied that he had so testified, vividly demonstrated to the judge that there was disagreement as to the witness' testimony. If the court was conducted as all courts should be, its sole object was to discover the truth from the purest sources. *Code* § 38-101. The only pure source here was the witness himself. Since the judge had allowed the solicitor to violate the law by stating what the witness had not said, apparently without thinking of holding him in contempt, counsel for the accused would not have been counsel for the accused as required by the Constitutions, State and Federal, had he not insisted, until ordered to desist, upon protecting his client against the injury inflicted by the solicitor.

It is apparent that the contempt judgment was based upon alleged prevention of the orderly dispatch of court business. A second thought, as shown by the attempted amendment, was to charge him with violating Rule 23, found in *Code Ann.* § 24-3323. The first charge is obviously groundless since requests for permission to call a witness are proper and necessary parts of a trial. And the second is invalid because, first, by his repeated replies to the request, the judge had authorized the repeated requests, hence, they were made with the court's permission, and in the second place, what the attorney did was not an "attempt to argue or explain a case," which are only acts specified by the rule as constituting grounds for contempt. What he did was

neither argument nor explanation. It was an humble request. The judge recites that he failed to purge himself of contempt, yet the record shows conclusively that he had not been adjudged in contempt, and no act of his had been specified as contemptuous. Counsel did nothing that the court had ordered him not to do. The solitary portion of the request that was denied was that the witness be on cross-examination. The judge's refusal was never violated. In this part of the request the attorney was clearly within the right granted by law. In *Long v. State,* 12 Ga. 293, at pages 330, 331, this court speaking through one of its ablest Justices, Justice Nesbit, said: "Yet it is certainly the business of court, when practicable, to correct the misrepresentations of the testimony by counsel, particularly when that counsel is in conclusion. And it is practicable, when the witness whose evidence is charged to be misrepresented, is in Court. He ought to be called to say what he did testify." Here counsel for the accused charged that the solicitor had misrepresented the evidence of a witness who was in court. The request of counsel for the accused was that he be called to say what he did testify. Instead of being granted as Judge Nesbit said should be done, it was, because of its repetition, made the sole ground for punishing counsel for contempt. How far can justice change?

I happen to know Judge Blackshear, and know him to be a capable and honorable judge, but even so, he is human, and subject, as we all are, to err. My very severe criticism of this contempt judgment is not intended in any way, even by implication, to reflect unfavorably upon the personal, professional or official character of the judge, but only to say that in this case he was in my opinion "trigger happy" to throw his judicial weight against a highly respectful lawyer and thereby unjustly humiliate him and place a black mark upon his honorable professional record. For this court to affirm that judgment is an open invitation to tyrannical judges to shackle the legal profession and thereby deny litigants the benefit of counsel.

During the more than 24 years I have served here, the Supreme Court has never punished a single lawyer for contempt, and the same lawyers that practice before the Supreme Court practice before the trial courts. Power to punish for contempt is essential

and should be exercised in all cases where necessary, but it is not a power that should be carelessly exercised, or to intimidate lawyers in the discharge of their important duties. I hope the bare majority of 4 to 3 that rendered this judgment will eventually change, and a decision can be rendered by this court making it clear that every judge does not have the authority to arbitrarily punish a lawyer every time he chooses without substantial facts showing a necessity therefor in order that the court's business might be conducted orderly and without unwarranted interference.

I am authorized to state that Mr. Justice Candler concurs in this dissent.