## 46188. HILL v. BARTLETT.

Evans, Judge. On October 12, 1970, Hill was found guilty of contempt of the Recorder's Court of the City of Albany, Georgia. He petitioned the Superior Court of Dougherty County for a writ of certiorari, ordering the recorder to send the case up for review. The recorder answered, and the plaintiff in certiorari traversed the answer in certain particulars. Whereupon the recorder served interrogatories upon Hill, and a notice to take the deposition of a witness. Hill moved the court for an order vacating the notice as to the deposition, and for an order relieving him from answering the interrogatories, on the ground that the case is not a suit of a civil nature as contemplated by the new Civil Practice Act of Georgia. The lower court held that the case was from a conviction of criminal contempt of the Recorder's Court of the City of Albany, and was therefore a case of a civil nature, and refused to grant the protective order and, in effect, allowed the discovery to proceed. The appeal is from this order. There was a proper certification by the trial judge for immediate review. *Held:*

The question for determination here is whether or not discovery is available to the parties litigant in a contempt of court case. Criminal contempt involves action by the court to compel respect thereto, to vindicate its authority, and to enforce the lawful processes and actions of the court; whereas civil contempt involves remedial procedure whereby a party is adjudged in contempt in order to require performance of an order or judgment of the court. *Plunkett v. Hamilton,* 136 Ga. 72 (70 SE 781, 35 LRA (NS) 583, AC 1912B 1259); *Carson v. Ennis,* 146 Ga. 726 (92 SE 221, LRA 1917E 650); *City of Macon v. Massey,* 214 Ga. 589, 590 (106 SE2d 23); *Welborn v. Mize,* 107 Ga. App. 427, 428 (130 SE2d 623). But even in criminal contempt, the matter is not, strictly speaking, a criminal case, but is only quasi-criminal. It is tried under the rules of civil procedure, rather than under the rules of criminal procedure, and a preponderance of evidence is sufficient to convict the defendant, as against the requirement of removal of any reasonable doubt which prevails in criminal cases. See *Renfroe v. State,* 104 Ga.

App. 362, 365 (121 SE2d 811); *Pedigo v. Celanese Corp. of America,* 205 Ga. 392 (3) (54 SE2d 252), cert. denied, 338 U. S. 937 (70 SC 346, 94 LE 578). Under the new Civil Practice Act of 1966, as amended (CPA, § 1; *Code Ann.* § 81A-101; Ga. L. 1966, pp. 609, 610), this statute "governs the procedure in all courts of record . . . in all suits of a civil nature." In all civil cases either party is entitled to discovery (CPA §§ 26-37, as amended; *Code Ann.* § 81A-126 et seq.) Accordingly, the recorder in this case was entitled to discovery, and the judge of the trial court properly denied the protective order sought by Hill.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED MAY 5, 1971—DECIDED JUNE 15, 1971.

*Smith, Gardner, Wiggins, Geer & Brimberry, Chas. F. Hatcher,* for appellant.
*Landau, Davis & Farkas, James V. Davis,* for appellee.