## 52406. SHAFER v. STATE OF GEORGIA.

MARSHALL, Judge.

Appellant appeals from the order of the trial court holding him in contempt. He enumerates as error the insufficiency of the evidence to show contemptuous conduct and the excessiveness of the fine of $500. *Held:*

1. The fine initially imposed by the trial court was $500, which was in excess of the fine authorized by Code § 24-2615 (5). However, the trial court amended its order, reducing the fine to $200, which is within the authority of the court. This issue was thereby rendered moot. Further, appellant stated, during oral argument, that his enumeration was withdrawn.

2. The appellant's conduct in telling the trial judge on the morning of the trial that he would be in court that same morning at a certain time and failing to arrive until three hours later, where 64 jurors and the various witnesses and court officials were kept waiting, was sufficient to support a finding of the trial court that appellant was wilfully in contempt of court. "As to the function of a reviewing court [in contempt cases], it has no discretion in the matter, and the trial court's adjudication of contempt will not be interfered with unless there is a gross, enormous, or flagrant abuse of discretion. *Cabot v. Yarborough,* 27 Ga. 476; *Remley v. DeWall,* 41 Ga. 466; *Hayden v. Phinizy,* 67 Ga. 758; *Warner v. Martin,* 124 Ga. 387 (52 SE 446, 4 AC 180); *Beebe v. Smith,* 76 Ga. App. 391 (46 SE2d 212); *Burge v. State,* supra; *Mays v. Willingham,* 37 Ga. App. 478 (140 SE 789). It has been said that the judgment of the trial court will not be disturbed 'unless it appears that there is *no evidence* to support the finding.'

(Emphasis supplied.) *Greenway v. Greenway,* 147 Ga. 503 (94 SE 885). In 1949, the Supreme Court of Georgia held that if there is any *substantial evidence* authorizing a finding that the party charged was guilty of contempt, and the trial judge so finds, his judgment must be affirmed insofar as the sufficiency of the evidence is concerned." *Renfroe v. State of Ga.,* 104 Ga. App. 362, 365 (121 SE2d 811). We find no gross abuse of discretion in this case.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED JULY 6, 1976 — DECIDED JULY 16, 1976.

Herbert Shafer, *pro se.*
*John T. Strauss, District Attorney,* for appellee.