58214. IN RE SYKES.

BANKE, Judge.

This is an appeal from an order declaring the appellant attorney in wilful contempt of court due to his unauthorized absence from court following the call of a criminal case in which he represented the defendant. The appellant complains that he was given neither notice of the specific charge against him nor an opportunity to prepare a defense.

The criminal case was first called at 9:00 a.m., at which time the appellant was present and announced that he and his client were ready for trial. The court thereupon told the appellant, "I'll let you know where we stand," and took up other matters until 11:05 a.m., when the case was called again. The appellant could not be located at this time despite a search of the courthouse and a call to his office. The court recessed at 12:10 p.m. and reconvened at 1:00 p.m., at which time the appellant was present. Called upon to explain his prior absence, he explained that he had gone to lunch because of his belief that another case would be tried prior to his and because of his belief that his client intended to enter a guilty plea rather than go to trial. After discussing the matter with him further, the court summarily held him in contempt and sentenced him either to pay a $100 fine or to serve two days in jail. The court's written order contains the following statement: "If this had been the first occasion Mr. Sykes had been late or failed to appear, the court would feel it unnecessary to do more than reprimand him and point out the error, rudeness, and costliness of his ways. This, however, is not the first occasion, nor is it the second. Mr. Sykes has been late to or absent from hearings and trials before this court often, making little if any effort to forewarn the court of or justify the tardiness or absence. This latest 'peccadillo'

represents the culmination of a pattern of conduct which inherently conflicts with the orderly administration of justice. It cannot be tolerated or allowed to continue."
*Held:*

1. Under the above circumstances, it was not necessary for the court to give the appellant written notice of the charge against him or to enter a rule nisi giving him an opportunity to prepare a defense to it. The trial judge determined that the appellant's unexcused absence from the courtroom after announcing ready for trial had disrupted the orderly administration of the court's business. "[I]nterference with the immediate process of litigation may be treated by the presiding judge as a facie curiae contempt. [Cit.]" *Crudup v. State of Ga.,* 106 Ga. App. 833, 838 (129 SE2d 183) (1962), affd. 218 Ga. 819 (130 SE2d 733). See generally Code §§ 24-104, 24-105; *Hill v. Bartlett,* 124 Ga. App. 56 (183 SE2d 80) (1971). In such cases of direct, as opposed to constructive, contempt the court may impose punishment without granting notice or an opportunity for a hearing on the issue. *White v. George,* 195 Ga. 465 (2) (24 SE2d 787) (1943); *Garland v. State of Ga.,* 99 Ga. App. 826 (2) (110 SE2d 143) (1959).

2. Although no abuse of discretion appears from the adjudication of contempt itself, it is clear from the court's order that the punishment imposed was based on previous incidents of misconduct by the appellant which are not shown by the record. In the absence of evidence establishing such previous misconduct, we must hold that the court was not authorized to base the sentence on it. Since it is evident from the court's order that neither a fine nor imprisonment would have been imposed except for the alleged prior offenses, that portion of the court's order imposing such punishment is reversed.

3. The appellant's contention that the trial court's order contained insufficient findings of fact and conclusions of law is without merit.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Underwood, J., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 6, 1979.

*William I. Sykes, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.