## 58365. IN RE McLARTY.
## 58366. IN RE RAFFAUF.

BANKE, Judge.

Appellants McLarty and Raffauf appeal an order declaring them in contempt of court for "willfully, knowingly making false allegations and filing them of record" in a motion for recusal. The motion sought the trial court's disqualification from further participation in an equitable proceeding to enjoin a garnishment. It contained allegations that the judge had prejudiced himself against the appellants' client by entering into ex parte communications with opposing counsel and also that he had a bias against women attorneys which had prejudiced him against a woman attorney who had previously served as counsel for the client. The motion recited that the alleged bias against women attorneys was "supported by [an] attached affidavit." However, no affidavit was attached to the motion, nor was one ever submitted. Instead, the appellants presented a witness at the hearing on the motion who offered her personal opinion in support of the allegation.

After hearing the evidence presented in support of the motion, the trial court found that the allegations against him contained therein were wilfully and knowingly false and thus concluded that appellants' conduct in filing the motion, particularly their failure to attach the supporting affidavit, "was designedly misleading, contumacious, and contemptuous." Each was sentenced to five days in jail; however, appellant McLarty was given the option of paying a $200 fine in lieu of serving the jail sentence because he apologized in open court for "his conduct in connection with the pleadings . . ."

During the course of the hearing, appellant Raffauf was cited for a second contempt arising from the following exchange: "Mr. Raffauf: At this time, your honor, in view of the testimony of the witness, I would like to renew my—The Court: Have you completed your evidence? Mr. Raffauf: I'd like to renew my request that the court take the stand. The Court: I asked you a question, and I expect a response from you. Have you completed your evidence

in connection with your motion? Mr. Raffauf: I might have one witness. I'd like to renew my request. The Court: For your failure to comply with the request of the court, I hold you in contempt of court. I will deal with that at the conclusion of this hearing."

For this conduct, Raffauf was sentenced to an additional five days in jail.

Each appellant applied to the trial court for supersedeas on the same day that he filed his notice of appeal. The applications were denied, and this court subsequently granted supersedeas in order to prevent the appeals from becoming moot before they could be decided. *Held:*

1. "Direct summary criminal contempt which arises in the presence of the court and tends to scandalize it and hinder or obstruct the orderly processes of the administration of justice, the preservation of order and decorum in the court, etc. is exempt from the due process requirements of notice and hearing. *Moody v. State,* 131 Ga. App. 355 (206 SE2d 79) (1974). We do not find any abuse of the trial court's discretion in refusing to allow defendant a hearing. Such a refusal does not deprive appellant of his due process rights guaranteed by the State and Federal Constitutions. *Garland v. State,* 99 Ga. App. 826 (110 SE2d 143) (1959)." *Spruell v. State,* 148 Ga. App. 99, 102 (3) (250 SE2d 807) (1978). See also *White v. George,* 195 Ga. 465, 469 (24 SE2d 787) (1943); *Farmer v. Holton,* 146 Ga. App. 102 (2) (245 SE2d 457) (1978); Code Ann. § 24-105.

2. An attorney may not be held in contempt of court merely for presenting in good faith a motion which he has a right to make, nor may an attorney be held in contempt merely because, having filed such a motion, he fails to prevail on it. See Holt v. Virginia, 381 U. S. 131, 136-137 (85 SC 1375, 14 LE2d 290) (1965). On the other hand, a motion which contains knowingly false accusations against the court and which is filed for the purpose of denigrating the court or impugning its integrity must certainly be characterized as contumacious. Accord *In re Fite,* 11 Ga. App. 665, 679-680 (76 SE 397) (1912).

We do not find support in the record for the trial court's conclusion that the motion to recuse belongs to the

latter category. While we do not intimate that the motion was meritorious, the appellants did present some evidence in support of it. The opposing counsel was called and testified that he had in fact participated in an ex parte conversation with the court about the garnishment case. With regard to the charge of sexual bias, a woman attorney was called and gave her personal opinion, for whatever it was worth, that the judge resented and was prejudiced against women attorneys. No evidence was introduced or otherwise appears in the record to indicate that the appellants' accusations were "knowingly and wilfully made falsely."

"It is not charged that petitioners here disobeyed any valid court order, talked loudly, acted boisterously, or attempted to prevent the judge or any other officer of the court from carrying on his court duties . . . Consequently, neither [of the appellants] could consistently with due process be convicted for contempt for filing [the motion to recuse] unless it might be thought that there is something about the language used which would justify the conviction." Holt v. Virginia, supra, at 136. There is no indication, nor is there any contention, that the language used by the appellants either in drafting or presenting the motion was disrespectful or contumacious. Thus, we find no basis for the contempt citations based on the filing or presentment of the motion to recuse, and these convictions are accordingly reversed.

3. It is by far the better practice in a criminal contempt proceeding such as this one, where the trial judge has been called upon to rule on an attack on his own impartiality and where marked personal feelings are manifested on both sides, for the court to call upon one of his fellow judges to adjudicate the contempt charges. See Mayberry v. Pennsylvania, 400 U. S. 455, 463-464 (91 SC 499, 27 LE2d 532) (1971), citing Cooke v. United States, 267 U. S. 517, 539 (45 SC 390, 69 LE 767) (1925). See also Offutt v. United States, 348 U. S. 11, 17-18 (75 SC 11, 99 LE 11) (1954); Taylor v. Hayes, 418 U. S. 488, 501-503 (94 SC 2697, 41 LE2d 897) (1974). The appearance of personal rancor is particularly strong in a case where the appellants are denied bail pending appeal. Cf. Taylor v. Hayes, 418 U. S. 488, supra, at 502.

4. Appellant Raffauf's second contempt citation, for failing twice to respond to a direct question from the court is affirmed. The trial court had previously informed Raffauf in no uncertain terms that he did not intend to testify, and he was attempting to determine whether the attorney had any other evidence to offer. We must assume that the trial court was correct in finding Raffauf's response to be contumacious. The trial court has a very wide discretion in regulating and controlling the behavior of court officers in the conduct of the proceedings before it, and this discretion will not be interfered with unless flagrantly abused. *Crudup v. State,* 106 Ga. App. 833, 840 (129 SE2d 183) (1962), aff'd. 218 Ga. 819 (130 SE2d 733) (1963). See also *Boatright v. State,* 106 Ga. App. 801 (128 SE2d 559) (1962); *Farmer v. Holton,* 146 Ga. App. 102, supra. When a trial judge asks an attorney a question, he is entitled to a prompt and appropriate answer.

*Judgment reversed in Case No. 58365. Judgment affirmed in part and reversed in part in Case No. 58366. Underwood, J., concurs. McMurray, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 31, 1979 — REHEARING DENIED NOVEMBER 19, 1979 IN CASE NO. 58366 —

*Torin D. Togut,* for appellant (Case No. 58365).
*Torin D. Togut, Charles L. Thornton, Al Horn,* for appellant (Case No. 58366).
*M. Randall Peek, District Attorney, C. David Wood, Assistant District Attorney,* for appellee.