## 61487. FREEMAN v. IRVING-CLOUD PUBLISHING COMPANY et al.

DEEN, Presiding Judge.

The appellant Freeman was the attorney of record for the defendants in a case titled The Irving-Cloud Publishing Co. v. Leslie Hamilton and Christopher Hamilton both Ind. & D. B. A. Production Methods, being a suit on open account. The action was filed in June, 1978. Freeman filed an answer for both defendants denying the debt. Defendant Leslie Hamilton at a subsequent time filed an affidavit to the effect that she was married to Gary Stanfield, a practicing attorney in the State of Virginia, that she had moved to and become a resident of Virginia February 12, 1978, that she was never served and had never authorized Freeman to represent her. While this issue was pending, the appellee, plaintiff in the trial court, dismissed the co-defendant Christopher Hamilton as a party defendant in the main case. Freeman also moved for and was granted leave to withdraw as counsel for Leslie Hamilton Stanfield.

Numerous motions were filed on both sides. Eventually, a rule nisi for contempt was filed against Freeman on March 21, 1980, following which the trial judge granted the plaintiff protective orders as to five interlocutory matters here enumerated as error: Freeman's notice to take plaintiff's deposition; notice to take depositions of Watson, Lazarus, Arch and Marion B. Stokes, alleged to have had activities with alleged defendant Leslie Hamilton Stanfield; two requests for production of documents and an order denying Freeman's motion for discovery against the plaintiff and its officer Nelson and for sanctions for its failure to appear in reply to a scheduled former hearing date.

One ruled for contempt is entitled to discovery as in other civil

cases. *Hill v. Bartlett,* 124 Ga. App. 56 (183 SE2d 80) (1971). The defendant here contends that his motions are necessary to his defense in the proceeding against him personally as a part of his proof that he did not knowingly represent the defendants in the original action without authority to do so in violation of Code § 9-604. In view of the pending contempt proceeding and in the interests of justice we reverse the protective orders which are the subject matter of this appeal, since we are unable to determine what information would be uncovered and whether or not it would be relevant to the appellant's position. This is not to say that appellant is entitled to any and all information desired. Future discovery attempts as to the contempt issues may be limited by use of the wide discretion of the trial judge as to relevant information lawfully discoverable by appellant.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 20, 1981.

*Emmet J. Bondurant,* for appellant.
*William Carmichael, John H. Watson, John W. Greenfield, Leslie H. Stanfield,* for appellees.