39552. IN RE PRUITT.

PER CURIAM.

Appellant was adjudicated in contempt of court on September 1, 1981, for being late to court and was suspended from practicing law in the Northeastern Judicial Circuit for one year. On appeal to this court, the judgment was affirmed in part and reversed in part. We held suspension was not an appropriate punishment for contempt. *In re Pruitt,* 249 Ga. 190 (288 SE2d 208) (1982). In November, 1982, appellant was resentenced to a $200 fine and 20 days in jail (six to

serve and the remainder on probation, "condition that he appears in Court at the appointed time and place and otherwise complies with all lawful orders of this Court").

1. Appellant contends that this sentence violates his constitutional rights in that it is a more severe sentence than the original sentence. He also complains that the sentence is too vague and indefinite to be capable of enforcement. We found in *In re Pruitt,* supra, that appellant was properly held in contempt. However, in that case we held that the sentence imposed was not authorized under Georgia law. Not being authorized under Georgia law, the sentence was void ab initio. The present sentence cannot be measured against an earlier sentence which was void ab initio. Therefore, it cannot be more harsh or less harsh than the original void sentence.

The sentence of 20 days in jail, six to serve and the remainder on probation on condition that appellant appear on time and obey all lawful orders of the court, is not vague and indefinite. A common sense reading of the sentence indicates that appellant must serve six days in jail, to be served on the weekends as specified by the court. Following completion of his jail time he must spend fourteen days, not the rest of his life, on probation.

2. In his second enumeration of error appellant complains that his sentence was based on another unrelated incident and cites *In re Sykes,* 151 Ga. App. 233 (259 SE2d 215) (1979) as authority for his insistence that this constitutes reversible error. However, *Sykes* was reversed because the court found the sentence was for prior misconduct as to which there was no evidence. Here, there was testimony as to the prior incident cited. In the exercise of its wide discretion in punishing for contempt, it is appropriate for the court to consider properly documented past misconduct.

3. There is no merit to appellant's contention that the sentence was vindictive.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED APRIL 6, 1983 —
REHEARING DENIED APRIL 25, 1983.

*Robert E. Andrews,* for appellant.
*Bruce L. Udolf, District Attorney, Charles Henry Frier, Assistant District Attorney,* for appellee.