## 66463. PASHLEY v. STATE OF GEORGIA.

POPE, Judge.

Appellant attorney appeals from the order of the trial court holding him in contempt. This adjudication was based upon appellant's failure to appear for trial and subsequent failure to present satisfactory justification for his absence.

Appellant's citation for contempt arises from the following facts: In September 1981, Ethel Arnold and Rachel Arnold were arrested and each charged with two counts of violating the Georgia Controlled Substances Act. Indictment was returned against each defendant at the February 1982 term of Wilkes County Superior Court which holds court on the first Monday in February, May, August and November. In late March 1982, the district attorney's office was notified that appellant was counsel for Rachel Arnold and James Nolan was attorney of record for Ethel Arnold. At the same time, the two defense attorneys filed numerous pretrial motions, including demands for speedy trial pursuant to OCGA § 17-7-170(a) (Code Ann. § 27-1901). Hearing was held on these motions in late April, and it was agreed that the case would not be tried at the May

term, but would instead be continued until the August 1982 term.

On July 21, 1982 hearing was held on a defense motion filed in mid-May. Due to a conflict with an upcoming trial in federal court, appellant's request to be excused from the August 1982 term was granted. Shortly before the November 1 beginning of the November 1982 term, additional pretrial motions were filed on behalf of the defendants. Then, on Tuesday evening, November 2, appellant telephoned assistant district attorney Wallace to inquire as to the status of the Arnold case. He was told by Wallace that it was anticipated that the cases on the civil calendar would be concluded on Wednesday, November 3. Appellant informed Wallace, as he had previously done by letter to the clerk of the Wilkes County Superior Court, that he was required to be in Atlanta on Wednesday until noon for argument before the Eleventh Circuit Court of Appeals, but that he would be in Wilkes County Superior Court that afternoon. Wallace explained that he was not authorized to excuse appellant from appearing when his case was called; he should, instead, contact the trial judge. Further, Wallace told appellant that because of the demands for speedy trial, the Arnold case would be called first on the criminal calendar due to begin at the close of the civil calendar.

The civil cases ended on Thursday, November 4 at approximately 3:30 p.m. When the Arnold case was called at that time, neither appellant nor Nolan was present in court. In fact, appellant was not present in Wilkes County Superior Court during the November 1982 term, nor was his client, Rachel Arnold. After hearing was held in January 1983, both appellant and Nolan were found in contempt. Both were fined but these were suspended.

Although appellant asserts that he was in his office in Atlanta on November 4 at that time waiting to be notified by telephone to appear for trial in DeKalb County or in Wilkes County, it is not disputed that he never attempted to contact the Wilkes County Superior Court to even ask for such notification. Pretermitting a discussion of the concededly difficult task of balancing trial schedules in various courts, examining only the circumstances of the present case, we can not say that appellant's proffered rationale for his absence is so persuasive as to overcome the fact that he had no communication with the trial court even though he was aware that his case would be called first, probably on Wednesday afternoon. We find this evidence sufficient to support the trial court's finding that appellant was wilfully in contempt of court. See *Shafer v. State of Ga.,* 139 Ga. App. 360 (2) (228 SE2d 382) (1976). "As to the function of a reviewing court [in contempt cases], it has no discretion in the matter, and the trial court's adjudication of contempt will not be interfered with unless there is a gross, enormous, or flagrant abuse of discretion." *Renfroe v.*

*State of Ga.,* 104 Ga. App. 362, 365 (121 SE2d 811) (1961). Accord, *Carter v. Data General Corp.,* 162 Ga. App. 379 (3) (291 SE2d 99) (1982). There was no such abuse of discretion in this case.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 9, 1983.

*Scott J. Mers,* for appellant.

*Kenneth E. Goolsby, District Attorney, James A. Nolan, Dennis C. Sanders, Harold W. Wallace III, Assistant District Attorneys,* for appellee.