70331. IN RE MICHAEL EDWARD BERGIN.
(335 SE2d 132)

CARLEY, Judge.

Appellant-attorney was found in contempt of court for failing to appear at the call for trial of a criminal case wherein he was representing the defendant. He appeals.

"Contempt of court, as a punishable offense, is as old as the courts themselves. [Cit.] This is especially true in the case of criminal contempt where the court exercises a disciplinary and summary jurisdiction over attorneys and other officers of justice. [Cit.]" *Crudup v. State of Ga.*, 106 Ga. App. 833, 837 (129 SE2d 183) (1962), aff'd 218 Ga. 819 (130 SE2d 733) (1963). After appellant was given notice of his alleged contempt, the trial court conducted a hearing wherein appellant was given the opportunity to be heard. Compare *Maples v. Seeliger*, 165 Ga. App. 201 (1) (299 SE2d 906) (1983). After the hearing, the trial court entered an order setting out the basis upon which appellant was being adjudged in contempt. "[A] judgment of contempt must contain 'factual holdings setting out the misconduct on the part of the attorney such as will disclose to a reviewing court the subject matter upon which the discretion of the trial court operated.' The judgment in this case meets that test." *Crudup v. State of Ga.*, supra at 835. "The evidence supports the trial judge's finding of contempt. While the charges against appellant were disputed by him, there was ample evidence on which the trial judge could base his decision. The trial judge's finding of contempt was not clearly erroneous and must be upheld." *In re Pruitt*, 249 Ga. 190, 191 (288 SE2d 208) (1982).

Although appellant contends that his punishment was erroneously based upon another unrelated instance of failing to make a timely appearance for trial, "there was testimony as to the prior incident cited." *In re Pruitt*, 250 Ga. 836, 837 (301 SE2d 481) (1983). " 'As to the function of a reviewing court (in contempt cases), it has

no discretion in the matter, and the trial court's adjudication of contempt will not be interfered with unless there is a gross, enormous, or flagrant abuse of discretion.' [Cits.] There was no such abuse of discretion in this case." *Pashley v. State of Ga.*, 168 Ga. App. 813, 814-815 (310 SE2d 566) (1983).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

Decided September 3, 1985 —
Rehearing denied September 17, 1985 — 

*Michael E. Bergin*, pro se.
*Paschal A. English, Jr., Christopher C. Edwards, Assistant District Attorneys*, for appellee.