70331. In re MICHAEL EDWARD BERGIN.
(343 SE2d 743)

Carley, Judge.

Appellant-attorney was found in contempt of court for failing to appear at the call for trial of a criminal case wherein he was representing the defendant. In *In re Michael Edward Bergin*, 176 Ga. App. 52 (335 SE2d 132) (1985), we affirmed the adjudication of contempt. On certiorari, the Supreme Court reversed our judgment and re-

manded the case for our "reconsideration under the holding of *In re Irvin*, [254 Ga. 251 (328 SE2d 215) (1985)]." *In re Michael Edward Bergin*, 255 Ga. 429 (341 SE2d 8) (1986). Pursuant to the mandate of the Supreme Court, our original decision is vacated and we proceed to reconsider appellant's adjudication of contempt.

The order of the trial court in the instant case specifically states that appellant was found "to be in direct, criminal contempt of this Court not only by a preponderance of the evidence, but beyond a reasonable doubt. . . ." Compare *In re Irvin*, supra at 256-257. "[O]n appeal of a criminal contempt conviction the appropriate standard of appellate review is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Cits.]" (Emphasis in original.) *In re Irvin*, supra at 256.

It is undisputed that, by failing to appear at the call of his client's specially scheduled trial and by delaying the proceedings for several hours without communication to the court, appellant had clearly committed such an act as could potentially constitute a contempt of court. See *In re Pruitt*, 249 Ga. 190 (288 SE2d 208) (1982); *Pashley v. State of Ga.*, 168 Ga. App. 813 (310 SE2d 566) (1983); *Shafer v. State of Ga.*, 139 Ga. App. 360 (228 SE2d 382) (1976). Compare *Garland v. State*, 253 Ga. 789 (325 SE2d 131) (1985) (attorney's out-of-court statements not a clear and present danger to the orderly administration of justice as a matter of law). Appellant was afforded a full hearing wherein he was given the opportunity to explain his conduct. Compare *Maples v. Seeliger*, 165 Ga. App. 201 (1) (299 SE2d 906) (1983). The trial court considered appellant's explanation but found it unacceptable. When the evidence is viewed in the light most favorable to the "prosecution," any rational trier of fact could have found the essential elements of appellant's commission of a criminal contempt of court beyond a reasonable doubt. The trial court was authorized to find that appellant's failure to appear in a timely fashion at the specially scheduled trial was the result of a conscious decision on his part to attend other scheduled proceedings, which decision he communicated to his client the night before but which he at no time communicated to the trial court or to any other officer thereof. The result was a client who was present in court without representation, jurors who were assembled without a case to try, and a trial court with no trial over which to preside. "Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court, but 'it also includes the interruption of the proceedings . . .' [Cit.]" *Crudup v. State*, 106 Ga. App. 833, 837 (129 SE2d 183) (1962), aff'd 218 Ga. 819 (130 SE2d 733) (1963). Since the evidence meets the evidentiary "beyond a reasonable doubt" standard established in *In re Irvin*, supra, appellant's

adjudication of contempt is affirmed.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 18, 1986 —
REHEARING DENIED APRIL 1, 1986 — 

*Michael E. Bergin,* pro se.

*Paschal A. English, Jr., Christopher C. Edwards, Assistant District Attorneys,* for appellee.