## 3885.   MARTIN *v*. THE STATE.

1. In a criminal case the trial is not completed until a verdict has been rendered.
2. Where the judge presiding in a criminal trial leaves the county of the trial while the jury is deliberating upon its verdict, and goes to an adjoining county, the pending trial is vitiated, and a verdict thereafter returned by the jury is a nullity.
3. The assignments of error other than those ruled upon above are without merit.

DECIDED JANUARY 30, 1912.

Indictment for sale of liquor; from Decatur superior court—Judge Frank Park.   November 16, 1911.

*G. G. Bower,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.

RUSSELL, J.   It appears, from the evidence, that in the trial of the plaintiff in error "the jury retired about 7 o'clock in the evening, to consider their verdict, and that the presiding judge thereupon left the jurisdiction of Decatur county, and went to Grady county to grant a charter in a county other than that which the defendant was being tried in."   In the motion for new trial the facts are stated as above, and the complaint is made that the verdict is contrary to law by reason thereof.   The question presented by the record, therefore, is whether the fact that the judge left the county where the trial was being conducted and the jury were deliberating upon their verdict, and went to a different county, to perform another official duty, so vitiates the trial as to avoid the finding of the jury.

It must be admitted that any absence of the presiding judge while the trial is going on is an irregularity, and if the question were an open one we should hold that any absence of the judge, no matter how brief, necessarily suspends a pending judicial proceeding.   But, under rulings of the Supreme Court, there are occasions when a temporary absence of the judge, even though the trial is in active progress and the jury has not retired, can not be said to be harmful to either party.   *O'Shields* v. *State,* 81 *Ga.* 301 (6 S. E. 426) ; *Pritchett* v. *State,* 92 *Ga.* 65 (18 S. E. 536).   The Supreme Court in *Horne* v. *Rogers,* 110 *Ga.* 362, 370 (35 S. E. 715, 49 L. R. A. 176), held that a mere temporary absence of the judge, where he was within the call of the jury, was not such an irregularity as would necessitate a new trial.   It has also held that a tem-

porary absence out of sight, within hearing of what was going on in the court-room, did not affect the trial, when this temporary withdrawal of the judge occurred during the argument of counsel. It is to be noted, however, that in deciding the *Horne* case, supra, the rulings in the *O'Shields* and *Pritchett* cases, supra, were criticised and disapproved, and these earlier rulings were followed only in the absence of an application to review them. In the present instance, however, the judge went beyond the jurisdiction of the court in which the trial was pending. The jurors could not be said to have been even constructively in his presence, and the presence of the judge was indispensable to the legality of the court. If there is no judge, there is no court.

It is not apparent that the defendant in the present case was hurt by the absence of the judge. The testimony adduced on the trial fully authorized the conviction of the defendant, and there is no evidence that the verdict was affected by any improper influence or contact on the part of bystanders or others, or that they knew that the judge was absent from the county, or that their finding was in any way affected by that fact. It is naturally suggested that the trial had progressed so far that the presence of the judge was no longer necessary, until the jury might return into court, and that, as it was not necessary that the judge should remain at the court-house until notified that the jury desired to return a verdict, it could not matter if, in the judge's desire to perform other duties of importance in an adjoining county, he should go there, instead of remaining at his hotel or some other house, within reach of the jury. It was, no doubt, upon the latter theory that the learned trial judge acted, and the recital of the assignment of error evidences his diligence in the discharge of his judicial duties.

However, as a criminal trial is not completed until the verdict has been rendered, the question which really arises is whether it is not necessary, in order to preserve unimpaired the right of trial by jury, that injury be presumed from the violation of any of those orderly rules which safeguard the right. It seems to us that injury is to be presumed, in so important a matter as trial by jury, even in the absence of proof to that effect, where injury is likely to result from an infraction of a general rule, and especially such an

important one as that which looks to the present personal supervision and control of the presiding judge as a sine qua non of a legal trial. There can be no trial without a judge. The case must be tried in Decatur county. Naturally we conclude that when the judge left Decatur county and went to Grady county to open a special court, to grant a charter in that county, the court ceased, for the time being at least, to exist in Decatur county, and that all that was done during the absence of the judge was nugatory and void. A temporary absence of the judge, such as has been referred to in the cases cited above, involved his presence at a point where he was easily accessible to the parties, counsel, officers of court, and the jury. Where the judge is within call of the jury and physically absent, but at a place so near by that he can easily return if needed, he may be presumed to be constructively present at the court-house, but this presumption can not be indulged when the judge goes to a place beyond the jurisdiction of the court in which the trial is being had. Where the judge is not only physically out of the presence of the jury, but also absent in a legal sense, and at such a point as to be beyond the reach of the other essential component but subordinate parts of the court, which should be subjected to his supervision, the court is necessarily dissolved pro tempore, at least so far as the trial first pending is concerned.

*Judgment reversed.*