## McKIBBEN v. THE STATE.

No. 12651. FEBRUARY 18, 1939. REHEARING DENIED MARCH 9, 1939.

*Claude V. Driver,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Hal C. Hutchens, solicitor-general,* and *Duke Davis,* contra.

JENKINS, Justice. ■ On the issue of identity, under the testimony of a witness who positively identified the defendant on trial as having been present and participating with the other two jointly indicted defendants in an armed robbery, and other testimony as to the similarity of his appearance to the person seen as a participant, the verdict of guilty was authorized. See *Laminack* v. *State,* 187 *Ga.* 648 (1 S. E. 2d), with different special grounds, but with similar evidence against a separately tried codefendant as to the crime and identification.

■ Under testimony describing one of the pistols used in the robbery, and the bills taken from the victims as having been torn and folded in a particular way, and testimony that they appeared to be the same or similar in appearance to those offered in evidence, the court did not err in admitting these articles for the consideration of the jury, over the objection that they had not been sufficiently identified. See *Lively* v. *State,* 178 *Ga.* 693 (3), 694 (173 S. E. 836) ; *King* v. *State,* 166 *Ga.* 10 (7, 8), 13 (142 S. E. 160) ; *Dill* v. *State,* 106 *Ga.* 683 (3), 686 (32 S. E. 660).

■ On Saturday afternoon, after the jury had deliberated for about forty-eight hours, the judge sent for them, inquired of the foreman as to the chance of their reaching a verdict, and stated that as the next day was Sunday and the court could not then receive a verdict, he would let them consider the case until midnight, and they should then cease to deliberate until midnight Sunday night; that he would ask them to retire and make every effort to

reach a verdict, and if they did so before midnight he would return and receive it, and it was his duty to give them every opportunity to arrive at a verdict. About an hour later, the court called for the defendant and his counsel, carried them into the jury-room, and instructed the jury as follows: "The court will let you make a verdict on Sunday, and it will be a legal verdict, and the court can receive it on Sunday and it will be legal; and when you have reached a verdict, let the officers know it, and they will notify me, and I will come back and receive it and let you go home. So if you don't reach a verdict to-night, you will continue consideration and deliberation of the case to-morrow." The defendant excepted to the quoted instruction, on the ground that it tended to weaken members of the jury in contending for a verdict according to their honest convictions, and to make a compromise in their verdict; and on the additional ground that the giving of this instruction in the jury-room, with no one present but the judge, the defendant, and his counsel, being a part of the trial, but not being in the court-room, was not a "public" trial, as required by the constitution, art. 1, sec. 1, par. 5 (Code, § 2-105). Under the circumstances stated, the quoted language was not subject to the first ground of attack. See *Yancy* v. *State,* 173 *Ga.* 685 (5), 689 (160 S. E. 867); *Gambo* v. *Dugas,* 145 *Ga.* 614 (3) (89 S. E. 679), and cit.; *Patterson* v. *State,* 122 *Ga.* 587 (6), 591 (50 S. E. 489). The latter ground is without merit. It was not made to appear that when the judge gave the instruction in the jury-room, probably for the convenience of the jury, and with both the defendant and his counsel present, such room was not fully open to all of the public who might have desired to be present, the same as the court-room would have been.

■ In the final exception it is contended that the trial was a nullity, on the ground that while the jury were deliberating as to their verdict the judge, without the knowledge and consent of the defendant, left the jurisdiction of Haralson County, went to the adjoining County of Polk, and there drew a grand and petit juries, although he later returned, gave to the jury the instructions last stated, and received their verdict. By a note of the judge it appears that "the attorney for defendant in open court and at the outset of the trial agreed for the court to go to his home at night out of Haralson County or *anywhere else during the trial of case.*" Under this note by the judge, the waiver of the defendant being permissible and

binding (*Sarah* v. *State,* 28 *Ga.* 576 (2); *Frank* v. *State,* 142 *Ga.* 741 (3, *a*), 762, 83 S. E. 645, L. R. A. 1915D, 817; *Towns* v. *State,* 149 *Ga.* 613, 614, 101 S. E. 678; *Swain* v. *State,* 162 *Ga.* 777 (6), 788, 135 S. E. 187; *Green* v. *Russell,* 176 *Ga.* 354, 357, 168 S. E. 65), and not being subject to the narrow construction contended that it permitted the judge to leave the county only to "go to his home at night," there is no merit in this ground; and it is unnecessary to, determine whether, in the absence of such a waiver, the absence of the judge would have vitiated the trial. See *Marlin* v. *State,* 10 *Ga. App.* 455 (73 S. E. 686), and cit.; 64 C. J. 67, § 63, 109, § 112, and cit. See *Bronner* v. *Williams,* 147 *Ga.* 389 (94 S. E. 250); *Malcolm* v. *Pollock,* 181 *Ga.* 687 (183 S. E. 917); Code, §§ 59-204, 59-205.

*Judgment affirmed. All the Justices concur.*