27091.  JACKSON v. THE STATE.

Mobley, Chief Justice. The appellant was indicted for murder, rape, and aggravated assault in Coweta Superior Court and was found guilty of murder, attempted rape, and aggravated assault, and received sentences of death, ten years, and ten years, respectively, to run consecutively. His motion for new trial as amended was overruled and from that judgment he appealed.

1. Enumeration of error 1, alleging that the court erred in excusing veniremen who stated that they would never impose capital punishment under any conditions, is without merit. This court in *Walker v. State,* 226 Ga. 292 (174 SE2d 440), and cases cited, has held adversely to appellant's contentions on this question.
2. The second enumeration of error alleges that the court erred in allowing the district attorney, during the closing argument, to make an improper and prejudicial misstatement of the law by stating, "There's a presumption that when a charge is made and one does not refute it then the charge is good," over objection of the appellant, and without correcting this statement of the law or rebuking the district attorney. The context in which this statement was made is not shown. In the absence of such we are unable to determine whether the statement was harmful or prejudicial to the defendant. See *White v. State,* 118 Ga. App. 515 (2) (164 SE2d 158); *Pace v. State,* 121 Ga. App. 251 (1) (173 SE2d 464). The record does not indicate to what kind of charge the district attorney had reference. This ground is without merit.
3. The next question presented is whether the court erred in dispersing the jury for the night without consent of the defendant or his counsel. It is well settled by numerous decisions of this court that it is error for the court to disperse a jury without consent of the defendant or defendant's counsel. See *Hannah v. State,* 212 Ga. 313, 319 (92 SE2d 89), and the numerous cases cited. But this is a privilege which defendant may waive. See *Atlanta Newspapers v. State of Ga.,* 216 Ga. 399 (4a) (116 SE2d 580).

We are of the opinion that the conduct of the appellant's counsel in this case in fact amounted to his consent to dispersal of the jury. Counsel sat silently by while the court told the jury they could disperse for the night and made no objection to dispersal. We realize his objection to dispersal in the presence of the jury could have prejudiced the appellant's case. However, he could have asked the court if he might be heard out of the presence of the

jury, and then made his objection to dispersal. Furthermore, after dispersal he could have made a motion for mistrial. So far as this record shows, he first made objection to dispersal when he complained in the motion for new trial that the court permitted dispersal without his consent. While the better practice is for the court to ask counsel if he has any objection to dispersal of the jury before they are dispersed, counsel has the responsibility of making his objection to dispersal if he has any. In the absence of objection, the court would be authorized to assume that he had none.

It is not within the bounds of reason that an accused can keep quiet, make no complaint to the trial judge, no motion for mistrial, and await the outcome of the case and then complain.

This ground is without merit.

*Judgment affirmed. All the Justices concur.*
Argued March 13, 1972—Decided May 18, 1972—
Rehearing denied June 15, 1972.

Murder. Coweta Superior Court. Before Judge Knight.

*Sidney Pope Jones, Jr., David Wayne Rutledge,* for appellant.

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.