### 27258. FAVORS v. THE STATE.

NICHOLS, Justice. 1. A charge dealing with unsworn statements in criminal cases as an abstract principle of law, to wit: "In all criminal trials, *Prisoners* have a right to make to the court and jury such statement in the case as he may deem proper in his defense, and such statement shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case," (emphasis supplied) followed by a detailed explanation as to *the defendant's* statement and the weight to be given it, etc., does not express an opinion of the defendant's guilt by the reference to the right of prisoners to make unsworn statements.

2. In *Horton v. State,* 228 Ga. 690, 692 (187 SE2d 677), it was pointed out that the better practice is for the trial judge to reach an agreement with counsel for dispersal or non-dispersal and make the same a part of the record, and it was also held that a criminal defendant should not be forced to object in the presence of the jury so as to create in the minds of the jurors the impression that

they would be free to return to their homes, but for the insistence of the defendant. Yet, even so where no complaint is made to the dispersal of a jury overnight until after an adverse verdict is returned, it is too late to raise such question for the first time. In the absence of any objection before verdict any objection will be deemed waived. As was held in *Jackson v. State,* 229 Ga. 191 (190 SE2d 530): "It is not within the bounds of reason that an accused can keep quiet, make no complaint to the trial judge, no motion for mistrial, and await the outcome of the case and then complain."

3. The defendant's conviction of two counts of armed robbery, three counts of aggravated assault, and four counts of lesser offenses was authorized by the evidence, and the trial court did not err in overruling his amended motion for new trial.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.