## 27634. COFFEE v. THE STATE.

NICHOLS, Justice. Willie James Coffee was indicted, tried and convicted for the murder of Cliffene Jones and sentenced to life imprisonment. The appeal is from this conviction. Prior to trial counsel for the defendant filed a written motion to have a court appointed psychiatrist examine the defendant to determine his mental competency, which motion was granted. On the call of the case for trial the court asked if such examination had been made and counsel for the defendant responded that it was his understanding that the doctor had filed a report and the assistant district attorney responded that after the defendant was examined he was returned to court.

The evidence on behalf of the State showed that after a confrontation with the deceased and one Clem Mitchell, the defendant went to his automobile which was parked nearby, obtained a shotgun from the automobile, returned to the place where the deceased worked and shot her, which gunshot wound resulted in

her death. The defendant testified under oath that he did not know the gun was loaded and that it was discharged accidentally.

1. While a motion was made to have the defendant's mental competency examined by a psychiatrist, no special plea of insanity was filed and the trial court under such circumstances did not err in failing to have a judicial determination made of the defendant's sanity prior to the trial on the indictment as provided by Code § 27-1502.

2. Where during the trial of a case evidence is admitted in the presence of the jury and thereafter in the absence of the jury the evidence is withdrawn or excluded by the court, it is the duty of the court to inform the jury of the final ruling made. See *Joiner v. Joiner,* 225 Ga. 699 (2) (171 SE2d 297). Thus, where a uniform purportedly worn by the deceased at the time she was shot was introduced into evidence in the presence of the jury and later, out of the presence of the jury, was excluded and such later ruling was not made known to the jury, it was tantamount to the admission of such uniform into evidence. Compare *Lynn v. State,* 140 Ga. 387 (8) (79 SE 29).

(a) Treating the uniform as having been admitted into evidence, no reversible error appears. There was evidence that it was the uniform being worn at the time the deceased was shot and although the chain of possession was not complete, its identification was not questioned. Compare *McKibben v. State,* 187 Ga. 651 (2) (2 SE2d 101); *Wooten v. State,* 224 Ga. 106 (6) (160 SE2d 403); *Patterson v. State,* 224 Ga. 197 (160 SE2d 815).

3. Where evidence is admitted without objection, the introduction of the same fact later in the trial is not ground for a mistrial.

4. Where during the trial of a case the court asks a witness a question, no review of the propriety of such question can be had unless an objection is made at the

time. See *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374). No objection was made during the trial. However, a reading of the transcript discloses that the question asked by the trial court in the present case was not error.

5. Under decisions exemplified by *Johnson v. State,* 226 Ga. 511 (2) (175 SE2d 840), and citations, it was not error to admit into evidence a photograph of the deceased taken after her death.

6. " . . . [W]here no complaint is made to the dispersal of a jury overnight until after an adverse verdict is returned, it is too late to raise such question for the first time. In the absence of any objection before verdict any objection will be deemed waived. As was held in *Jackson v. State,* 229 Ga. 191 (190 SE2d 530): 'It is not within the bounds of reason that an accused can keep quiet, make no complaint to the trial judge, no motion for mistrial, and await the outcome of the case and then complain.' " *Favors v. State,* 229 Ga. 398 (2) (192 SE2d 161).

7. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1973—DECIDED FEBRUARY 8, 1973.

*John F. Davis, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg, Jack E. Mallard, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General,* for appellee.