28243. CASH v. THE STATE.

NICHOLS, Justice. Robert Cash was indicted for the offenses of armed robbery and aggravated assault. The jury hearing the case found him guilty, his motion for new trial was overruled, and the present appeal filed.

1. On the trial of the case the defendant presented evidence of alibi. One ground of the amended motion for new trial is based on newly discovered evidence to support the defendant's claim of alibi. Both the evidence adduced on the trial and the newly discovered evidence as to alibi place the defendant at the same gathering.

Pretermitting any question as to sufficiency of such ground of the motion for new trial to be considered, since such testimony would be cumulative at most of testimony actually adduced, the judgment overruling such ground of the motion for new trial was not error. See *Coleman v. State,* 227 Ga. 769, 771 (183 SE2d 379).

2. While testimony that the defendant's sister stated that the defendant had never been arrested may have been subject to objection, such testimony, without more, is not ground for a motion for mistrial as placing the defendant's character in issue.

3. The trial court did not err in admitting courtroom identification of the defendant by the victim over the objection that the victim had been shown a picture of the defendant along with other photographs prior to the defendant's arrest and the victim had picked the defendant's picture from such group of photographs as a picture of the person who robbed and shot him, where the victim testified as to the opportunity he had to view the defendant at the time the alleged crimes took place and that his identification was based upon such observation and not upon the picture. Compare Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411); *Creamer v. State,* 229 Ga. 704 (194 SE2d 73).

4. Where during the trial of a case a witness, on objection of the

defendant, is not permitted to testify and the court explains the reason for excluding such testimony to the jury, it is not cause for reversal in the absence of some objection to the procedure followed by the trial court prior to the return of the adverse verdict. Compare *Jackson v. State,* 229 Ga. 191 (190 SE2d 530); *Favors v. State,* 229 Ga. 398 (192 SE2d 161). See also *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374), as to the necessity of raising questions prior to verdict.

5. The trial court erred in instructing the jury on the sentencing portion of the trial: "[T]he court has the power to probate any part of any sentence, except a life sentence, if the court sees fit to do so."

In 1955, the General Assembly enacted a statute which prohibits the jury from being exposed to argument by attorneys as to clemency which may be granted to convicted criminals "by the Governor, State Board of Pardons and Paroles or other proper authority vested with the right to grant clemency." Ga. L. 1955, pp. 191, 192 (Code Ann. § 27-2206).

In *McGruder v. State,* 213 Ga. 259, 266 (98 SE2d 564), it was held in dealing with an excerpt of the charge: "This act of the General Assembly establishes the policy of the law that the jury should not be influenced in a criminal case in the rendition of their verdict by a consideration of the fact that the penalty imposed by them might be commuted by the State Board of Pardons and Paroles." The Act of the General Assembly is not limited to clemency granted by the State Board of Pardons and Paroles or the Governor, but clemency that may be granted by any authority authorized by law. Clemency which may be granted by the trial court in permitting the service of such sentence on probation comes within the provision of such Act declaring the policy of this state and it was error to instruct the jury as set forth above.

6. The evidence adduced on the trial of the case authorized the verdict of guilty, but in view of the holding in the preceding division of the opinion, a new trial on the question of the sentence of the defendant must be had.

*Judgment affirmed as to the conviction; reversed with direction that a new trial be had as to the sentence to be imposed on each count of the indictment. All the Justices concur.*

SUBMITTED AUGUST 31, 1973 — DECIDED OCTOBER 25, 1973.

*Michael J. Kovacich, Charles A. Mullinax,* for appellant.

*Richard Bell, District Attorney, Steve Taylor, Authur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Deputy Assistant Attorney General,* for appellee.