## 49238. WILLIAMS v. THE STATE.

PANNELL, Judge.

Appellant was convicted of two counts of distributing and selling heroin in Augusta, Georgia. Tried and convicted as charged, he was sentenced to eight years on each count, with the sentences to run consecutively. He now appeals. *Held:*

1. Appellant initially complains that the trial court erred in denying his motion for continuance predicated on the absence of a witness. The failure of the record to show that the movant satisfied all of the eight statutory requisites for a continuance requires affirmance of the trial judge's exercise of discretion. *Beasley v. State,* 115 Ga. App. 827 (156 SE2d 128). The enumeration is without merit.

2. The second enumeration of error is as to instructions of judge to jury when they were allowed to disperse for the night and at the noon recess. The record

shows that after the jury was empaneled and sworn in, court was recessed for the day, and the "jury was dismissed with admonition by the court not to discuss the case with anyone and not to permit anyone to discuss it with them, and if so, to report to the court." After they were so admonished and dismissed, another jury in another case came in to deliver its verdict and the foreman was permitted to make a speech in which he asked all law enforcement personnel to help stop drug traffic. The defense lawyer (appellant here) made the following motion: "At this time the jury has now been selected, and in view of those remarks and in view of the fact that Mr. Jay Mann of the television station was writing down each word, and *I do not know whether any member of my jury is in here, if these words get to my jury, my client could not have a fair and impartial trial* and I move at this time for a mistrial." (Emphasis supplied.)

Upon reconvening the next morning, they were asked if they had discussed the case with anyone or had it discussed with them. Also, the following question: "Now, have any of you heard by word of mouth, by radio, by television or by any other means, or have you seen on television or seen or read in any newspaper or in any other periodical any statement, report or comment of any kind which has as of this time or could hereafter during the trial of this case, influence you in the judgments and findings which you will be required to make or prevent you from deciding this case according to the opinion which you entertained of the evidence presented and the law given you in charge by the court in conformity with the oath which each of you took? If so, let that fact be known. (No response.) Now, I repeat, have you any prejudice or bias resting on your minds, either for or against the prisoner at the ba[r]? If so, will you please let that fact be known by raising your hand or by speaking out? (No response)."

A motion for continuance was made after the morning admonition. The appellant's lawyer stating that he had information that the television station news had made some comments about the previous case but did not know if any of his jurors heard the comments. He stated that the judge had not asked them specifically about the

foreman's speech or television comments but made no motion that he do so.

Upon recessing and dispersing for lunch, and the jury was instructed: "I remind you of my previous admonition: Don't discuss this case with anyone, don't permit anyone to discuss it with you, don't you all discuss it among yourselves." Again counsel made no objection nor did he request amplifying instructions to proscribe the reading of newspaper articles or listening of radio or television reports during the recess, nor did he elect, on reconvening, to seek to have the jury voir dired concerning such happenings, or lack of them during the lunch recess. We find no error.

3. In enumeration of error 3, appellant attacks a part of the trial judge's charge with respect to impeachment, which portion is taken out of context. Reading the instruction as a whole and assuming, without deciding, error exists, we find no reasonable possibility that the jury could have been misled to the prejudice of the appellant. The enumeration is without merit.

4. Finally, appellant complains that the judge erred in permitting appellant's alleged confession to go to the jury and alleges that a proper showing as to coastitutional warnings as required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), was not made. We disagree.

"Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of *these* rights providing the waiver is made voluntarily, knowingly and intelligently . . . " (Miranda, id., 384 U. S. at p. 444). (Emphasis supplied.) The required rights were given and the record discloses that he had signified that he understood his rights before making a statement. Appellant does not contest that fact, but rather contends that there was no showing, as a part of the Miranda requirement, that the defendant was warned "that should he start talking he could stop talking at any time and no more questions

would be asked of him." Miranda does not require that a "warning" of this nature be given, or that a suspect be advised of this right. Miranda merely holds: "Once [the required] warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." (Miranda, id., at p. 473.) (Emphasis supplied.)

In the instant case, the record does not disclose that the accused expressed a desire to avail himself of his continuing right to silence. The enumeration of error is without merit.

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*

SUBMITTED APRIL 5, 1974 — DECIDED JUNE 18, 1974.

*O. L. Collins,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.