50256. BRINDLE v. THE STATE.

EVANS, Judge.

Defendant was convicted of theft by receiving stolen property. He was sentenced to serve three years. His motion for new trial was denied. Defendant appeals from the judgment of conviction and from the denial of his motion for new trial. *Held:*

1. Two large motor vans containing yarn were reported missing from a carpet manufacturing plant. They were later found abandoned, but without the yarn. Defendant had been in the carpet business as a small

manufacturer. He purchased yarn in odd lots from one Quarles, and had it tufted at a different plant. The owner of the missing yarn heard that similar yarn to his was being tufted, and it was traced to the defendant. Defendant readily gave the name of the person (Glenn Quarles) from whom he had purchased the yarn, and contended he did not know, and had no reason to suspect, that the yarn had been stolen. Defendant contends that his full cooperation with the officers, including giving them the name of the person from whom he purchased the yarn, is consistent with his innocence. But defendant signed a statement with language therein which implies guilty knowledge that the yarn he purchased had been "hot." (T. p. 183, S. Ex. 18)

2. Defendant contends that the person from whom he purchased the yarn is unquestionably a thief (though he did not know it when he purchased the yarn), and has not been prosecuted, and that therefore the evidence to convict defendant is insufficient. But these facts are not sufficient to show that defendant was not guilty and could not be legally convicted of receiving stolen property. It is no longer necessary that the principal thief be convicted. See Code Ann. § 26-1806 (b). The essential ingredients of the crime as provided for in the new Criminal Code have been proven. See Code Ann. § 26-1806 (a); also *Austin v. State,* 89 Ga. App. 866 (2), 868 (81 SE2d 508); *Nichols v. State,* 111 Ga. App. 699 (2), 701 (143 SE2d 41); *Prather v. State,* 116 Ga. App. 696 (158 SE2d 291); *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430). The arguments by counsel that the defendant had no reason to suspect that the goods were stolen, had cooperated fully with the investigating officers, and the principal thief had not been prosecuted, are all matters for the jury to weigh and determine. *Fulford v. State,* 221 Ga. 257 (1) (144 SE2d 370); *McKibben v. State,* 187 Ga. 651 (1) (2 SE2d 101); *Stonaker v. State,* 134 Ga. App. 123.

3. Error is enumerated as to a charge by the court of the substance of Code Ann. § 26-1810, to wit, that it is an affirmative defense to a prosecution for violation of the statute (theft by receiving stolen property), that the actor, that is the defendant in this case, was unaware that the property was that of another; and that unless the state's

evidence raises the issue invoking the alleged defense, the defendant must present evidence thereon. In this instance the state's evidence and the defendant's evidence invoked the affirmative defense that defendant was unaware that the property he purchased was that of another. No error is shown by the charge on affirmative defense. The trial court correctly charged the jury on this principle of law. The case of *Chandle v. State,* 230 Ga. 574, 576 (198 SE2d 289), cited and relied on by defendant, is not applicable. That case merely discusses "accident" as an affirmative defense where the defendant admitted the killing of the victim as a result of an "accident" in the firing of a pistol while fishing.

*Judgment affirmed. Deen,P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 11, 1975 — DECIDED MARCH 4, 1975 — REHEARING DENIED MARCH 12, 1975 — 

*Cook & Palmour, A. Cecil Palmour,* for appellant.