## 32464. MASON v. THE STATE.

JORDAN, Justice.

This appeal is from the denial of an extraordinary motion for new trial. The appellant's conviction of murder and sentence of death were affirmed in *Mason v. State*, 236 Ga. 46 (222 SE2d 339) (1976).

The extraordinary motion for new trial alleged: The guilt phase of the appellant's murder trial commenced on

January 20, and continued to January 21, 1975. The jurors were allowed to return to their homes overnight. When the jury separated on January 20, the trial judge admonished them not to discuss the case with anyone and not to accept any favors from anyone involved in the trial of the case, but did not specifically instruct the jury to refrain from hearing or reading news reports of the case. On the morning of January 21, the Macon Telegraph, a newspaper widely read and distributed in the county of the trial, prominently published an article reporting the first day of the trial, and the concluding paragraph of this article revealed the fact that the appellant had previously been convicted of murder. Several members of the jury subscribed to the Macon Telegraph and were likely exposed to the article, and other jurors may have been exposed to it; that the disclosure of the appellant's prior murder conviction at the guilt-innocence phase of his trial was an unconstitutional deprivation of his right to a fair trial.

At the hearing on the extraordinary motion counsel who represented the appellant on his murder trial testified that the article appearing in the Macon Telegraph was brought to their attention while the jury was deliberating, and that they brought the article to the attention of the trial judge, but that they made no request that he take any corrective action.

Four jurors testified as follows: James Harper subscribed to the Macon Telegraph, but did not read the article before he assumed his jury duties on the morning the article appeared; there was no discussion of the article in the jury room, and the jurors apparently were unaware of the appellant's previous murder conviction until it was revealed to them at the pre-sentence hearing. Johnny Williams did not subscribe to the Macon Telegraph at the time of the trial and does not recall anything being said about the newspaper article in the jury room. Harry Phillips bought a copy of the Macon Telegraph and read the article about the appellant's trial some time during the day; he thus knew about the appellant's previous conviction of murder prior to the jury verdict of guilty, but the article did not influence his deliberations in any way. Emma Smith Layton did not subscribe to the Macon

Telegraph and does not recall reading it during the trial; there was no discussion of the prior conviction during the jury's deliberations at the guilt-innocence phase of the trial.

An excerpt from the transcript of the appellant's trial for murder shows that counsel for the appellant consented to the separation of the jury overnight.

The appellant contends that Code Ann. § 59-718.1 (Ga. L. 1972, p. 622) requires that a jury trying a capital case not be allowed to disperse, whether or not there is an agreement for such dispersal. This section is as follows: "At any time during the trial of a civil or criminal case, either before or during jury deliberation, the judge may, in his discretion, allow the jury to be separated and the members thereof dispersed under appropriate instructions, except in capital cases."

Prior to the 1972 law it was the rule in this state that the separation of a jury in a criminal case, without the consent of the defendant or the defendant's counsel, was prima facie error. *Hannah v. State,* 212 Ga. 313, 319 (92 SE2d 89) (1956). The 1972 law gave the trial judge the discretion to allow the jury to disperse, without the consent of the parties, except in capital cases. It did not prevent the dispersal of the jury in a capital case with the consent of the defendant. *White v. State,* 230 Ga. 327, 340 (196 SE2d 849) (1973); *Edwards v. State,* 235 Ga. 603, 605 (5) (221 SE2d 28) (1975).

Since the dispersal of the jury was lawful with the consent of the appellant's counsel, there was no burden on the state to demonstrate that no harm accrued to the appellant by reason of the newspaper article disclosing his former conviction of murder. The evidence at the hearing showed that one juror read the article, and he testified that it had no effect on his deliberations.

It is urged by the appellant that the trial judge, when instructing the jury prior to their dispersal, should have warned them not to read or hear news reports concerning the appellant's trial. This would have been a proper admonition. *Atlanta Newspapers, Inc. v. State,* 216 Ga. 399, 404 (116 SE2d 580) (1960); *Baker v. State,* 137 Ga. App. 33, 34 (3) (222 SE2d 865) (1975). However, counsel for the appellant made no request for such instruction.

Counsel for the appellant were aware that the article had appeared in the newspaper, and failed to ask any corrective action by the trial judge prior to the jury verdict. Under the facts of this case we find no error and a new trial will not be granted because of the appearance of the newspaper article. Compare *Hunter v. State,* 43 Ga. 483 (6) (1871); *Jackson v. State,* 229 Ga. 191 (3) (190 SE2d 530) (1972); *Favors v. State,* 229 Ga. 398 (2) (192 SE2d 161) (1972); *Coffee v. State,* 230 Ga. 123 (6) (195 SE2d 897) (1973); *Williams v. State,* 132 Ga. App. 152 (2) (207 SE2d 651) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED
SEPTEMBER 7, 1977.

*James C. Bonner, Jr.,* for appellant.
*Joseph Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.