## 63773. LANGSTON v. THE STATE.

POPE, Judge.

Appellant was indicted for the crimes of burglary and aggravated assault with the intent to rape. He was found guilty and sentenced to fifteen years on the burglary charge and ten years on the aggravated assault charge, the sentences to run consecutively. Appellant asserts two enumerations of error in this appeal: (1) That the trial court erred in refusing to grant a mistrial due to improper and prejudicial remarks by the prosecution in closing argument; and (2) That a mistrial should have been declared because the trial court erred in failing to prevent, and later failing to cure, prejudicial media influence upon the jury.

1. Appellant first complains of remarks made by the prosecutor in his closing argument, asserting that they were intimidating to the jury and so prejudicial as to require a new trial. We disagree. A crucial issue in the case was the credibility of the state's eyewitnesses.

Defense counsel attacked their credibility vigorously in his closing argument. At one point he remarked, "Eyewitness testimony is not worth a flip." The prosecution responded vigorously in rebuttal. The challenged remark came after the prosecutor argued that the world in general was imperfect, when he said, "It's [eyewitness testimony] the best you're ever going to get and if you don't convict on it, don't come down and ask me to make any more cases when you are in trouble or you — [cut off by defense counsel's objection]."

While we certainly do not condone such remarks by counsel for the state, we do not find them to be grounds for mistrial in this case. Defense counsel, having opened the issue of eyewitness credibility in his closing argument, cannot complain about the prosecution commenting upon it in rebuttal. *Leutner v. State,* 235 Ga. 77 (7) (218 SE2d 820) (1975). The prosecution's response may have been extravagant and overzealous, but we do not find the remark to be beyond the bounds established by the case law. See *Berryhill v. State,* 235 Ga. 549 (7) (221 SE2d 185) (1975), cert. den., 429 U.S. 1054 (1977); *Leutner v. State,* supra; *Hart v. State,* 227 Ga. 171 (3) (179 SE2d 346) (1971), and cits.; *Chambers v. State,* 134 Ga. App. 53 (4) (213 SE2d 158) (1975). Therefore, particularly in light of the latitude accorded defense counsel in his closing, we hold that the trial court did not err in overruling the objection and denying the motion for mistrial.

2. Appellant next contends that the trial court erred in failing to instruct the jury to avoid media coverage of the trial during recess. The court excused the jury for overnight recess with instructions not to discuss the case with anyone or to allow anyone to discuss it with them, but failed to include an admonition regarding the media. This would have been a proper admonition. *Mason v. State,* 239 Ga. 538 (238 SE2d 79) (1977); *Atlanta Newspapers v. State,* 216 Ga. 399 (4b) (116 SE2d 580) (1960). However, in the absence of a specific request, which was not made in this case, the admonition is not required. *Mason v. State,* supra; *Jackson v. State,* 154 Ga. App. 367 (3) (268 SE2d 418) (1980); *Williams v. State,* 132 Ga. App. 152 (2) (207 SE2d 651) (1974).

Upon learning that there had been media accounts of the trial, the trial court acted promptly to ascertain whether any jurors had heard or read anything about the case. After an affirmative response from one juror, the court had the jury return to the jury room and then conducted a bench conference with counsel for both sides. The court then called the jurors in one at a time, and questioned them individually to determine if any of them had been influenced negatively toward appellant by anything they had heard or read. Both counsel voiced their approval of the procedure.

All the jurors indicated they had not been prejudiced against

appellant on account of exposure to media coverage of the case. Satisfied, the court proceeded with its charge to the jury. The court did not address the media coverage in the charge, but emphasized that the jury must base its verdict only upon the evidence adduced at trial. No exceptions were made to the charge.

We find that the measures taken by the trial court to determine no prejudice inured to appellant as a result of exposure to media accounts by any members of the jury were adequate in this case. There is no basis for setting aside the verdict and granting a new trial. *Watson v. State,* 162 Ga. App. 170 (290 SE2d 500) (1982).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1982.

*Marilyn H. Lumpkin,* for appellant.
*Sam Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.