69899. ALLEN v. THE STATE.
(330 SE2d 775)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which alleged the commission of an aggravated assault upon a police officer. The jury returned a verdict of guilty and appellant was sentenced to twenty years. See OCGA § 16-5-21 (c). Appellant's motion for new trial was denied and he appeals.

Immediately after the jury was sworn, a lunch recess was taken. The jurors were given general admonitions against discussing the case among themselves or with third parties. The jurors were not, however, specifically admonished to avoid media coverage of the case. At the end of the first day of trial, the jury was allowed to disperse with the trial court's reminder "of the admonitions [it] gave . . . on the previous recess."

Prior to commencement of the second day of trial, appellant's counsel informed the trial court that a potentially prejudicial news story had been televised the previous evening. Appellant's counsel asked "if there is any way the court could inquire [of] the jury members whether they have had a viewing of [that news story.]" The trial court stated that it was "not going to inquire." Instead, the trial court indicated that it would instruct the jurors that "they have got to disregard [the news story] if they have seen it and then . . . put some kind of admonition to them about viewing their television[s] or reading their newspaper[s]. . . ." The colloquy in this regard ended with the trial court's following statement to appellant's counsel: "Remind me about the media business. I will do that before we quit for the day. Since they are going to be prevented from being involved with the media until they leave here, I won't do that until the end of the afternoon. But I will put the burden on you to remind me." The response of appellant's counsel was: "Glad to, your Honor."

The trial was completed on the second day. Thus, there were no further overnight dispersals of the jury. Apparently, at no time prior to the end of the trial did appellant's counsel remind the trial court of its earlier agreement, and, accordingly, no admonitions concerning

media coverage were ever given to the jury. On appeal, appellant asserts that the trial court erred "by failing to admonish the jury regarding the news media."

The failure to admonish the jury on the first day of appellant's trial was not error, because such an instruction was not specifically requested at that time. See generally *Mason v. State*, 239 Ga. 538 (238 SE2d 79) (1977); *Jackson v. State*, 154 Ga. App. 367, 369 (3) (268 SE2d 418) (1980); *Langston v. State*, 162 Ga. App. 795, 796 (2) (293 SE2d 54) (1982).

With regard to the events of the second day, the request for voir dire of the jury on the specific topic of the newscast of the previous evening was entirely proper. Cf. *Timberlake v. State*, 246 Ga. 488, 495 (4) (271 SE2d 792) (1980); *Mason v. State*, supra; *Williams v. State*, 132 Ga. App. 152 (2) (207 SE2d 651) (1974); *Langston v. State*, supra. When, however, the trial court stated that, instead of conducting the voir dire, it would give general curative and admonitory instructions, appellant's counsel did nothing to indicate that he considered this proposed procedure to be inadequate ameliorative relief as against possible jury exposure to media coverage. When the trial court further indicated that it did not propose to give this relief until the end of the day, appellant's counsel did not request otherwise. Appellant's counsel then accepted, but thereafter did not meet, the burden of reminding the trial court of its agreement to instruct the jury as to media coverage.

Under these circumstances, the trial court was authorized to conclude that appellant's counsel was satisfied with the proposal merely to instruct the jury at a later time that it should disregard the specific newscast and refrain from exposure to media coverage in general. Cf. *Purcell v. Hill*, 220 Ga. 663 (141 SE2d 152) (1965). Having accepted the burden of reminding the court as to the instruction, appellant's counsel had an obligation to do so. Cf. *Davis v. State*, 153 Ga. 669, 674 (6) (113 SE 11) (1922). "Counsel did not remind the court and must suffer the consequences." *Lynch v. State*, 164 Ga. App. 317, 320 (296 SE2d 179) (1982). "[A] party cannot during the trial ignore what he thinks is an injustice, take his chance on a favorable verdict, and complain later. [Cit.]" *Timberlake v. State*, supra at 497.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1985.

*Kenneth D. Feldman, Margaret H. Earls*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael Whaley, Richard E. Hicks, Assistant District Attorneys*, for appellee.