## S92A1354. COLANTUNO v. THE STATE.
(426 SE2d 563)

CLARKE, Chief Justice.

On November 17, 1990, Edward Francis Colantuno shot Nicole Boswell to death after an argument in her mother's home. He fled the scene immediately in a rented car. The police found Boswell's nude body lying in a pool of blood in the kitchen. There were signs of a

struggle in the bedroom and several syringes in the bathroom and kitchen. The autopsy report showed that the victim had been shot in the face at close range and had been beaten shortly before the shooting.

The police arrested appellant two days later. In his car was the gun used to shoot Boswell. The jury convicted Colantuno of felony murder, and the court sentenced him to life imprisonment.[1] Colantuno alleges that prejudicial pretrial publicity deprived him of a fair trial guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution and under the Constitution of Georgia. We find no merit in his claims and therefore affirm the conviction.

An article about the murder appeared in the local newspaper on the second day of the trial. Appellant admits there is no direct proof that any juror saw the objectionable article. However, the jury foreman, in a television interview, allegedly gave a description of the victim that previously appeared in the newspaper account but that contradicted the evidence at trial. Although this statement did not appear on the videotaped interview, appellant's counsel testified that he overheard the statement. Appellant contends that the foreman could only have received the information from the newspaper account. He also argues that other jurors must have seen some extraneous source of information.

1. The decision to sequester jurors in a noncapital case is a matter within the sound discretion of the trial judge. OCGA § 15-12-142. Absent a showing of abuse of discretion, the trial court's decision will not be overturned. The trial court properly instructed the jury that they were not to listen to or read any news accounts of the trial. See *Atlanta Newspapers v. State*, 216 Ga. 399, 404-405 (116 SE2d 580) (1960).

All 12 jurors swore in testimony or affidavit that they had not read or heard any media accounts while the trial was in progress. Appellant offered no direct evidence showing that the jurors were exposed to any outside influence. "Where the trial court receives evidence that is conflicting as to irregularities in the conduct of the jury, the appellate court will not reverse unless the trial court has abused its discretion." *Johnson v. State*, 235 Ga. 486, 495 (220 SE2d 448) (1975). The trial court could reasonably find that no improper source influenced the jury's verdict.

2. Considering the evidence in the light most favorable to the

---

[1] The crime occurred on November 17, 1990. Appellant was indicted on May 23, 1991. Appellant was convicted of felony murder on July 19, 1991, and sentenced to life imprisonment. The trial court denied appellant's motion for new trial on May 28, 1992. Appellant filed a notice of appeal on June 19, 1992. The case was argued before this Court on October 14, 1992.

jury's verdict, we conclude that a rational trier of fact could have found Colantuno guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED MARCH 8, 1993.

*Michael A. Zoffmann,* for appellant.
*Thomas J. Charron, District Attorney, Richard Edwards, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.