S00A0046. BERGESON v. THE STATE.
(530 SE2d 190)

SEARS, Justice.

The appellant, Stuart Bergeson, appeals from his convictions for malice murder, possession of a firearm during the commission of a felony, possession of a concealed weapon, and carrying a deadly weapon to a public gathering.[1] On appeal, Bergeson contends that the trial court erred in ruling against his claim that he received ineffective assistance of counsel; that the trial court erred in failing to sequester the jury during trial; and that the trial court erred in admitting into evidence a pre-trial statement that Bergeson made to the police. We conclude, however, that the trial court did not err in any of these matters, and that the evidence is sufficient to support Bergeson's convictions. Accordingly, we affirm.

1. The evidence, including the eyewitness testimony of Michael Redmon, would have authorized a rational trier of fact to find that Bergeson and Roger Reed argued about the way in which Reed was treating Reed's mother, and that Bergeson shot Reed in the head at close range during the argument. Having reviewed the evidence in the light most favorable to the verdict, we conclude that it is sufficient to support Bergeson's convictions.[2]

2. In his first enumeration of error, Bergeson contends that the trial court erred in ruling against his claim of ineffective assistance of trial counsel. More specifically, Bergeson contends that trial counsel was ineffective because he did not request an independent psychiatric examination in order to determine his sanity and competency to stand trial. The trial record, however, does not demonstrate that Bergeson's sanity or competency was or should have been a signifi-

---

[1] The crimes occurred on December 20, 1997. Bergeson was indicted on April 15, 1998, and was found guilty by a jury on October 1, 1998. On October 14, 1998, the trial court sentenced Bergeson to life in prison for malice murder; to five years in prison for the possession of a firearm offense, to be served consecutively to the life sentence; and to twelve months in prison for carrying a concealed weapon and for carrying a deadly weapon to a public gathering, with both twelve-month sentences to be served concurrently to the life sentence. On October 1, 1998, the trial court appointed Bergeson new counsel for appeal, and that same day, Bergeson filed a motion for new trial. On February 19, 1999, the court reporter certified the trial transcript, and on July 15, 1999, the trial court denied Bergeson's motion for new trial. On August 13, 1999, Bergeson filed a notice of appeal, and on September 22, 1999, the appeal was docketed in this Court. On November 15, 1999, the appeal was submitted for decision on briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

cant issue at trial, and Bergeson did not offer any evidence at the hearing on his claim of ineffective assistance of trial counsel to support his assertion that his sanity or competency should have been raised as an issue at trial. Accordingly, we conclude that Bergeson has failed to carry his burden to prove the prejudice prong of his claim that trial counsel was ineffective for failing to request an independent psychiatric examination.[3]

3. In his second enumeration of error, Bergeson contends that the trial court erred in denying his motion to sequester the jury during trial. Bergeson asserts that the trial court erred because this is a capital case and because, in a capital case, a trial court may only disperse the jury during trial with the consent of the defendant or defense counsel.[4] Contrary to Bergeson's assertion, however, this case is not a capital case for purposes of jury sequestration since the State did not seek the death penalty.[5] For this reason, the decision whether to sequester the jury was within the discretion of the trial court.[6] Because the trial court in this case instructed the jury not to discuss the proceedings during recesses in the trial, we conclude that the court did not abuse its discretion in failing to sequester the jury.[7]

4. In his third enumeration of error, Bergeson contends that the trial court erred in admitting into evidence a pre-trial statement he made to a Georgia Bureau of Investigation agent. We disagree. Although there is evidence that Bergeson had consumed alcohol about eight hours before he made the statement in question, the GBI agent testified that at the time of the statement, Bergeson did not appear to be intoxicated, appeared to understand his rights, and answered questions quickly and responsively. Under these circumstances, we conclude that the trial court was authorized to conclude that Bergeson knowingly waived his *Miranda* rights and voluntarily gave the statement in question.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 2000.

*David M. Rosenberg, David E. Ralston,* for appellant.
*Roger G. Queen,* District Attorney, *William B. Britt,* Assistant

---

[3] See *Ford v. State,* 255 Ga. 81, 88 (335 SE2d 567) (1985); *Williams v. State,* 258 Ga. 281, 289-290 (368 SE2d 742) (1988).

[4] See *Mason v. State,* 239 Ga. 538, 540 (239 SE2d 79) (1977).

[5] *Peppers v. State,* 261 Ga. 338, 340-341 (404 SE2d 788) (1991).

[6] See OCGA § 15-12-142 (a); *Peppers,* 261 Ga. at 340-341; *Colantuno v. State,* 262 Ga. 830, 831 (426 SE2d 563) (1993).

[7] See *Peppers,* 261 Ga. at 340-341.

[8] *Bishop v. State,* 268 Ga. 286, 287 (486 SE2d 887) (1997); *Philmore v. State,* 263 Ga. 67, 68 (428 SE2d 329) (1993).

*District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.